STEPHEN P. BERZON (SBN 46540)
EMILY B. WHITE (SBN 254294)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
sberzon@altshulerberzon.com
ewhite@altshulerberzon.com

Attorneys for Defendant SERVICE EMPLOYEES INTERNATIONAL UNION

STEVEN J. BORANIAN (SBN 174183)
ALISON B. RIDDELL (SBN 246120)
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
sboranian@reedsmith.com
ariddell@reedsmith.com

Attorneys for Defendants KAISER PERMANENTE INTERNATIONAL, KAISER FOUNDATION HOSPITALS, KAISER FOUNDATION HEALTH PLAN, INC., AND THE PERMANENTE MEDICAL GROUP, INC.

FILED
NOV 23 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CV 09 5562 PJH

| | |
|---|---|
| MONICA M. SAENZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>KAISER PERMANENTE INTERNATIONAL, a California Corporation; KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation; KAISER FOUNDATION HOSPITALS, a California Corporation; THE PERMANENTE MEDICAL GROUP, INC., a California Corporation; SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU) an unincorporated association; SEIU UNITED HEALTHCARE WORKERS-WEST, an unincorporated association; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF REMOVAL OF ACTION** |

NOTICE OF REMOVAL OF ACTION

**TO THE COURT, ALL OF THE PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant Service Employees International Union ("SEIU") and Defendants Kaiser Permanente International, Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and The Permanente Medical Group, Inc. ("Kaiser Defendants"), pursuant to 28 U.S.C. §1441, hereby remove to this Court from the Superior Court of the State of California in and for the County of Alameda an action numbered 09478973, entitled *Monica M. Saenz v. Kaiser Permanente International, et al.*, filed on October 13, 2009. In support of this Notice of Removal, Defendants state as follows:

1. Defendant Kaiser Permanente International ("KPI") first received a copy of the initial pleading setting forth the claims for relief upon which this action is based when it was served with a summons and complaint on October 26, 2009, attached hereto as Exhibit A. The complaint did not name the remaining Kaiser Defendants. On November 19, 2009, Plaintiff filed a first amended complaint, adding Defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., and The Permanente Medical Group. Plaintiff's first amended complaint is attached hereto as Exhibit B (hereinafter "Am. Comp.").

2. Defendant SEIU was served with a summons and complaint on or after October 28, 2009, at its office in Washington, D.C.

3. Defendant SEIU United Healthcare Workers-West (hereinafter "UHW") was served with a summons and complaint on or after October 29, 2009.

4. Plaintiff seeks to represent a class consisting of: "All persons in the State of California whose personal information was stored in certain computer files removed from SEIU-UHW's office(s) on or about July 2007." Am. Comp. ¶27. Plaintiff also seeks to represent a sub-class consisting of: "All persons in the State of California whose personal information was stored in certain computer files removed from SEIU-UHW's offices on or about July 2007 and have been victims of identity theft at any time after July 2007." *Id.*

5. Plaintiff's amended complaint sets forth the following relevant allegations. Plaintiff is an employee of Defendant The Permanente Medical Group, Inc., and is a member of the bargaining

unit represented by Defendant UHW. Am. Comp. ¶¶14, 20, 43. In connection with remittance of union dues, Kaiser Defendants gave Plaintiff's information to Defendant UHW. Am. Comp. ¶¶3, 44. Plaintiff states that she "reasonably relied" on Defendants to keep her personal information secure. Am. Comp. ¶97. Plaintiff alleges that she was subjected to harm on account of Defendants' failure to safegaurd Plaintiff's personal information adequately. Am. Comp. ¶¶63-67 Plaintiff further alleges that Defendants failed to supervise and train their employees properly in handling personal information, Am. Comp. ¶¶46-48, and that Defendants failed to notify Plaintiff of an alleged breach of Plaintiff's personal information in a timely fashion, Am. Comp. ¶¶52-55.

6. Plaintiff alleges that Defendants owed her a fiduciary duty. Am. Comp. ¶93. Plaintiff further alleges that Defendants owed Plaintiff and other members of UHW the following duties:

　　a.　to provide for reasonable security of Plaintiff's personal information;

　　b.　to reasonably protect Plaintiff's privacy;

　　c.　to implement reasonable data security procedures and practices to protect union members' personal information;

　　d.　to maintain reasonable data security procedures and practices to protect union members' personal information;

　　e.　to prevent unauthorized access to Plaintiff's personal information;

　　f.　to disclose any breach of security in a timely fashion; and

　　g.　to take reasonable care in the hiring, training, and supervision of their employees. Am. Comp. ¶¶101-102, 110.

Plaintiff claims Defendants breached these alleged duties. Am. Comp. ¶¶103, 111.

7. On the basis of the foregoing factual allegations, Plaintiff's amended complaint alleges the following causes of action against all Defendants: 1) Failure to Protect Security of Private Information in Violation of California Civil Code §§1798.80, *et seq.* (First Cause of Action, Am. Comp. ¶¶78-91); 2) Fraudulent Concealment (Second Cause of Action, Am. Comp. ¶¶92-99); 3) Negligence (Third Cause of Action, Am. Comp. ¶¶100-108); 4) Negligent Hiring, Training, and Supervision of Employees (Fourth Cause of Action, Am. Comp. ¶¶109-115); and 5) Violations of

1 | Business & Professions Code §§17200, *et. seq.* (Fifth Cause of Action, Am. Comp. ¶¶116-128).

8. In essence, Plaintiff's claims against Defendants SEIU and UHW (the "Union Defendants") turn on the allegation that, through UHW's position as exclusive bargaining agent for Plaintiff, the Union Defendants owed Plaintiff a duty of fair representation ("DFR"). In its role as Plaintiff's bargaining representative, Defendant UHW collected Plaintiff's personal information from her employer in connection with remittance of union dues. Plaintiff alleges that the Union Defendants breached the DFR by and through Defendants' failure to secure Plaintiff's personal information adequately, Defendants' failure to hire, train, and supervise their employees properly, and Defendants' failure to notify Plaintiff in a timely fashion of an alleged breach of personal information. These allegations are incorporated into Plaintiff's First Cause of Action for Violation of California Civil Code §§1798.80, *et seq.*, Second Cause of Action for Fraudulent Concealment, Third Cause of Action for Negligence and Fourth Cause of Action for Negligent Hiring, Training, and Supervision of Employees. *See* Am. Comp. ¶¶73, 92, 100, 109 (incorporating by reference all allegations set forth in ¶¶1-77).

9. The DFR requires a union "to serve the interest of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (citing *Humphrey v. Moore*, 375 U.S. 335, 342 (1964)). A claim that a labor organization acting as a collective bargaining representative has breached a duty owed to an employee that it represents is a claim over which this Court has original jurisdiction. *Id.*

10. The DFR is entirely a creature of federal law – it is created by federal law and its contours are defined by federal law. DFR claims must be decided solely under federal law. *Vaca*, 386 U.S. at 177-78. The federal preemptive power of the DFR is so strong that it completely preempts state law claims that implicate and significantly overlap the DFR. *See BIW Deceived v. Marine & Shipbuilding Workers Local 56*, 132 F.3d 824, 831-32 (1st Cir. 1997) (state law is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation); *Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1170-71 (4th Cir. 1985)

3

NOTICE OF REMOVAL OF ACTION

(state law claims are preempted where they overlap with conduct prohibited by federal law); *Maynard v. Revere Copper Prods., Inc.*, 773 F.2d 733, 735 (6th Cir. 1985) ("Whether union conduct constitutes a breach of the duty of fair representation is a question of federal law."); *Williams v. Pac. Maritime Ass'n*, 421 F.2d 1287, 1288-89 (9th Cir. 1970) (DFR doctrine of *Vaca* preempts state law claims); *Banks v. Alexander*, 493 F. Supp. 2d 1008, 1015 (S.D. Ohio 2007) ("a state law claim against a labor union, touching upon its duty to represent all bargaining unit employees fairly, is completely preempted" by federal law); *see also Marrero v. Modern Maint. Bldg. Srvs., Inc.*, 318 F. Supp. 2d 721, 725-26 (E.D. Wis. 2004); *Cahoon v. Int'l Bhd. of Elec. Workers Local 261*, 175 F. Supp. 2d 220, 225 (D. Conn. 2001); *Madison v. Motion Picture Set Painters and Sign Writers Local 729*, 132 F. Supp. 2d 1244, 1257-58 (C.D. Cal. 2000).

11. "[T]he artful pleading doctrine permits a district court to recharacterize a putative state-law claim as a federal claim when a review of the complaint, taken in context, reveals a colorable federal question within a field in which state law is completely preempted." *BIW Deceived*, 132 F.3d at 832. Here, as Plaintiff's state law claims for violation of California Civil Code §1798.80, fraudulent concealment, negligence and negligent supervision are based and rely upon the DFR, they are merely artfully pled DFR claims and are completely preempted by the DFR. *See id.* at 833; *Peterson*, 759 F.2d at 1169-71; *Banks*, 493 F. Supp. 2d at 1015; *Cahoon*, 175 F. Supp. 2d at 226-27 (finding artfully pled DFR claim where plaintiff alleged injury stemming from union's negligent failure to supervise and train an employee). Moreover, the DFR is not violated by mere negligence. *United Steelworkers v. Rawson*, 495 U.S. 362, 372-73 (1990). Accordingly, the DFR must preempt any claim that in essence alleges negligence in a union's performance of its representative functions, or else Plaintiff will be able to escape this substantive limitation on union liability merely by artfully pleading DFR claims as state law negligence claims.

12. Because Plaintiff's claims against the Union Defendants allege and depend on the DFR, they are grounded in the federal statute from which the DFR arises – Section 9 of the National Labor Relations Act (29 U.S.C. §§151 *et seq.*) – and are governed by federal law. As such, this is an action over which the district courts of the United States have original jurisdiction pursuant to 28

4

U.S.C. §§1331 and 1337. It is accordingly removable to this Court under 28 U.S.C. §1441. *See, e.g., BIW Deceived*, 132 F.3d at 833 (removal proper where, "despite the plaintiffs' state-law stylings, the complaint articulates at least one colorable federal claim"); *In re Carter*, 618 F.2d 1093, 1104 (5th Cir. 1980) (removal proper where claim implicated DFR); *Taylor v. Giant Food, Inc.*, 438 F. Supp. 2d 576, 583-84 (D. Md. 2006) (same); *Cahoon*, 175 F. Supp. 2d at 226-27 (same); *Madison*, 132 F. Supp. 2d at 1257-58, 1261 (same).

13. In addition to removal jurisdiction conferred by DFR preemption, the Court has federal subject matter jurisdiction over this action because Plaintiff's state law claims are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. Plaintiff alleges that she is an employee of a Kaiser Defendant and a member of UHW. Am. Comp. ¶43. Defendants Kaiser Foundation Hospitals, Kaiser Foundation Health Plan, Inc., The Permanente Medical Group and UHW are party to a collective bargaining agreement, which governs Plaintiff's employment relationship (the "CBA"), attached hereto as Exhibit C.

14. Article VI, Section 2 of the CBA requires Kaiser to provide UHW, in connection with remittance of dues, "sufficient detail of Employee Information and individual payments" to allow UHW to track such dues. Therefore, the provision of information by Kaiser to UHW is envisioned in, and required by, the CBA. Plaintiff, as a UHW member and employee of Kaiser, is bound by the terms of the CBA.

15. While Plaintiff couches the First Count (California Civil Code §1798.80) and Second Count (Fraudulent Concealment) of her amended complaint in terms of state law, they actually arise under and/or are entirely preempted by Section 301 of the LMRA. *See Avco Corp. v. Aero Lodge No. 735, Machinists*, 390 U.S. 557, 560-61 (1968) (state law claim completely pre-empted where it arises under Section 301). Such suits are removable because, as the Supreme Court explained in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983), "the pre-emptive force of §301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Id.* at 23 (citation and internal quotation marks omitted).

5

16. The preemptive effect of Section 301 is not limited to claims for breach of contract. *Rawson*, 495 U.S. at 369 ("the pre-emptive force of §301 extends beyond state law contract actions"). A claim that attempts to use state law to define the scope of duty between parties whose relationship arises out of an agreement covered by Section 301 is also preempted. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 213 (1985) ("If the state law tort purports to define the meaning of the contract relationship, that law is pre-empted.").

17. Resolution of Plaintiff's First Count, for violation of California Civil Code §1798.80 would require interpretation of the CBA. Specifically, Plaintiff contends that Defendants violated California Civil Code §1798.81.5(c). Am. Comp. ¶88. This section provides that: "A business that discloses personal information about a California resident pursuant to a contract with a nonaffiliated third party shall require by contract that the third party implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

18. Even if Defendants did disclose Plaintiff's personal information, a Court will be required to interpret the CBA to determine whether that constituted a disclosure pursuant to a contract "with a nonaffiliated third party." The alleged disclosure was made pursuant to Article VI, Section 2 of the CBA. On a correct reading of the CBA, UHW is not a "nonaffiliated third party" but Plaintiff's duly designated collective bargaining representative under Section 9(a) of the National Labor Relations Act, 29 U.S.C. §159(a). Therefore, an accurate reading of the CBA reveals that California Civil Code §1798.81.5(c) does not apply.

19. Plaintiff further contends that Defendants "own[] or license[]" her personal information, but failed to notify her in a timely fashion that her personal information had been "acquired by an unauthorized person," contrary to California Civil Code §1798.2(a). Am. Comp.¶¶82, 85, 86. On a correct interpretation of the CBA, Defendants neither "own" nor "license" Plaintiff's personal information. Therefore, California Civil Code §1798.82(a) does not apply. Further, the duty to notify under this section is only triggered when an "unauthorized person" acquires personal information. Plaintiff alleges that the individual who accessed her personal

information was an employee of UHW. Am. Comp. ¶5. A Court would have to interpret Article VI, Section 2 of the CBA to determine whether the CBA authorized that UHW employee, in the ordinary course of her duties, to have access to the information in question.

20. Resolution of Plaintiff's Second Count for fraudulent concealment would also require interpretation of the CBA. Plaintiff asserts that Defendants had a duty to give earlier notice of the alleged breach because, "Plaintiff and all members of the Class and the Subclass (collectively, "the Class") were in a *fiduciary relationship* with Defendants, and each of them." Am. Comp. ¶93 (emphasis added). Plaintiff cites no special facts which would give rise to a fiduciary relationship between herself and Defendants. Absent those special facts, the relationship between Plaintiff and Defendants is governed by the CBA. Whether the CBA placed an implied duty of care on Defendants, and whether that implied duty included a duty to issue an earlier warning in the circumstances alleged, would require interpretation of the CBA. Hence, Plaintiff's claim of fraudulent concealment is completely preempted. *See Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1112-13 (9th Cir. 1999) (finding claims for breach of fiduciary duty completely preempted).

21. Even if one or more of Plaintiff's claims for relief do not arise under federal law, any such claim is transactionally related to Plaintiff's other causes of action over which this Court does have federal question jurisdiction. Accordingly, any such cause of action is also removable and subject to this Court's supplemental jurisdiction under 28 U.S.C. §§1441(c) and 1367(a). Each of Plaintiff's claims for relief are transactionally related to the same nucleus of operative fact and allegations.

22. Defendants file this Notice of Removal within thirty days of the service of the original complaint. Service is therefore timely under 28 U.S.C. §1446.

23. Alameda County is embraced by the United States District Court for the Northern District of California. 28 U.S.C. §84(a). Thus, this Court is the proper venue for removal. 28 U.S.C. §1441(a).

24. Defendant UHW concurs in and consents to the removal of this action to federal court.

A Joinder in Removal in Notice of Removal executed by Defendant UHW is attached hereto as Exhibit D.

25. Defendant SEIU and Kaiser Defendants have not been served with any process, pleadings, or orders in this action other than the summons, complaint, amended complaint, and accompanying materials attached hereto as Exhibit A and Exhibit B. Defendant SEIU has filed a General Denial as an answer in state court, a true and correct copy of which is attached hereto as Exhibit E. After Plaintiff filed an amended complaint, Defendant SEIU filed an amended answer, which is attached hereto as Exhibit F. Defendant UHW has itself filed a General Denial as an answer in state court, a true and correct copy of which is attached hereto as Exhibit G.

26. As this action arose in Alameda County, the case should be assigned to the San Francisco Division or the Oakland Division. Northern District Local Civil Rule 3-2(d).

27. Defendants will, promptly after the filing of this Notice of Removal, give written notice of removal to Plaintiff and the other Defendants, and will file a copy of the Notice of Removal with the Clerk of the Superior Court of California in and for the County of Alameda.

Dated: November 23, 2009

Respectfully submitted,

STEPHEN P. BERZON
EMILY B. WHITE
Altshuler Berzon LLP

By: /s/ Emily B. White

Attorneys for SERVICE EMPLOYEES INTERNATIONAL UNION

Dated: November 23, 2009

STEVEN J. BORANIAN
ALISON B. RIDDELL
Reed Smith LLP

By: /s/ Steven J. Boranian
Steven J. Boranian

Attorneys for KAISER PERMANENTE INTERNATIONAL, KAISER FOUNDATION HOSPITALS, KAISER FOUNDATION HEALTH PLAN, INC., and THE PERMANENTE MEDICAL GROUP, INC.