EXHIBIT A



**CORPORATION SERVICE COMPANY**

KZS / ALL
**Transmittal Number: 7095962**
**Date Processed: 10/27/2009**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Jenelle Flewellen<br>Kaiser Foundation Hospitals<br>One Kaiser Plaza<br>Floor 19L<br>Oakland, CA 94612-3610 |
| **Copy of transmittal only provided to:** | Tricia Neesen<br>Barbara Frazier<br>Sally Hitchcock<br>Gail Perrin |

| | |
|---|---|
| **Entity:** | Kaiser Permanente International<br>Entity ID Number  1654052 |
| **Entity Served:** | Kaiser Permanente International |
| **Title of Action:** | Monica M Saenz vs. Kaiser Permanente International |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Labor / Employment |
| **Court:** | Alameda County Superior Court, California |
| **Case Number:** | 09478973 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/26/2009 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Wayne S. Kreger<br>310-396-9600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Law Offices of Milstein & Adelman &
Kreger, LLP
Attn: Kreger, Wayne S.
2800 Donald Douglas Loop North
Santa Monica, CA  90405

Kaiser Permanente International

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Saenz | No. RG09478973 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Kaiser Permanente International | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 12/11/2009   TIME: 11:00 AM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 01/22/2010   TIME: 11:00 AM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.





All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  10/14/2009                          Executive Officer / Clerk of the Superior Court

                              By

                                                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

          Executed on 10/14/2009.

                              By

                                                                    Deputy Clerk

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Oct. 13. 2009  4:33PM                                          No. 7411   P. 4/5

# FILE BY FAX

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
KAISER PERMANENTE INTERNATIONAL, a California Corporation; SERVICE EMPLOYEES
INTERNATIONAL UNION (SEIU), an unincorporated association; SEIU UNITED HEALTHCARE
WORKERS-WEST, an unincorporated association; and DOES 1 through 100, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MONICA M. SAENZ, individually and on behalf of all others similarly
situated

<table>
<tr><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

OCT 1 3 2009

CLERK OF
By KMEL DILLON

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* **09478973** |

Alameda County Superior Court, Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wayne S. Kreger & Sara D. Avila; 2800 Donald Douglas Loop N., Santa Monica, CA 90405; 310-396-9600

| DATE: **OCT 1 3 2009** | **Pat S. Sweeten** | Clerk, by | **Pat S. Sweeten** | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   *KAISER PERMANENTE INTERNATIONAL, A*
3. ☒ on behalf of *(specify):*  *CALIFORNIA CORPORATION*

   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

[SEAL]

Oct. 13. 2009  4:27PM   FILE BY FAX       No. 7411   P. 3/5

**CM-010**

COPY

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Wayne S. Kreger (SBN 154759)<br>Sara D. Avila (SBN 263213)<br>2800 Donald Douglas Loop North<br>Santa Monica, CA 90405<br>TELEPHONE NO.: 310-396-9600   FAX NO.: 310-396-9635<br>ATTORNEY FOR *(Name)*: Plaintiff, Monica M. Saenz | FOR COURT USE ONLY<br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>OCT 1 3 2009<br>CLERK OF<br>BY KMEL DHILLON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME:
Monica M. Saenz v. Kaiser Permanente International, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **09478073**<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: Five (5)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 13, 2009

Sara D. Avila, Esq.
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

Oct. 13. 2009  4:33PM                                         No. 7411  P. 5/5

## ILE BY FAX

**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, State Bar No. 154759
wkreger@maklawyers.com
SARA D. AVILA, State Bar No. 263213
savila@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone (310) 396-9600
Facsimile (310) 396-9635

Attorneys for Plaintiff

**ENDORSED**
**FILED**
ALAMEDA COUNTY

OCT 1 3 2009

CLERK O'
By KMEC DHILTON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MONICA M. SAENZ, individually and on behalf of all others similarly situated, | Case No. **09478973** |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | 1. VIOLATION OF CALIFORNIA CIVIL CODE §§ 1798.80, *et seq.* |
| vs. | 2. FRAUDULENT CONCEALMENT |
| KAISER PERMANENTE INTERNATIONAL, a California Corporation; SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU), an unincorporated association; SEIU UNITED HEALTHCARE WORKERS-WEST, an unincorporated association;  and DOES 1 through 100, inclusive, | 3. NEGLIGENCE |
| | 4. NEGLIGENT HIRING, TRAINING AND SUPERVISION OF EMPLOYEES |
| | 5. VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.* |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff MONICA M. SAENZ ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendants KAISER PERMANENTE INTERNATIONAL, a California Corporation ("Kaiser");   SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU), an unincorporated association; and SEIU UNITED HEALTHCARE WORKERS-WEST ("UHW"), an unincorporated association, and Does 1-10, inclusive (collectively, "Defendants"), as follows:

//

//

1

## NATURE OF THE ACTION

1.    Plaintiff brings this class action to redress Defendants' breach of data security which resulted in the theft of personal information of approximately 29,500 individuals ("the Class"). Defendants subsequently failed to timely notify Plaintiff and the other individuals of the breach.

2.    Defendant Kaiser employs healthcare workers throughout California. Many, if not all, Kaiser employees are also members of the labor union United Healthcare Workers-West ("UHW"). UHW is a local branch of Service Employees International Union ("SEIU").    Plaintiff is an employee of Kaiser and member of Defendant UHW.

3.    Defendant Kaiser gave the personal information of its employees, including Plaintiff and the Class, to Defendant UHW in connection with remittance of union dues.

4.    Plaintiff first brings suit for Defendants' failure to implement and maintain policies and procedures to adequately protect Plaintiff and the Class' personal information from unauthorized access, destruction, use, modification and/or disclosure.    Defendants also failed to implement and maintain policies and procedures to detect and prevent such unauthorized acts.    If Defendants had such policies and procedures in place, it would have prevented this security breach in the first place.

5.    Second, Plaintiff brings suit for the damages arising out of the breach itself. Specifically, as a result of Defendants' acts and omissions with regard to Plaintiff and the Class' personal information, one or more employees of Defendant UHW removed from the UHW office certain computer files, databases and/or other electronically-stored records containing lists of 29,500 individuals, along with their personal and private information.    The information contained in the stolen computer files included, but are not limited to, each Class member's:

> ➢ Name,
> ➢ Address,
> ➢ Telephone number,
> ➢ Social Security number,
> ➢ Date of birth,
> ➢ Gender, and
> ➢ Hourly rate of pay

6.    Third, Plaintiff brings suit for the damages arising out of Defendants' inexplicable delay in providing notice to Plaintiff and the Class of the security breach.    Specifically, Defendants' breach took place on or around July 2007.    However, Defendant Kaiser failed to notify Class

<div style="sidebar">Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405</div>

2

members, including Plaintiff, of the breach until February 2009. Defendants SEUI and UHW never provided Plaintiff with direct notice of the breach. Such untimely and unreasonable delay prevented Plaintiff and the Class from taking immediate steps to monitor and attempt to safeguard their personal information.

7.      Defendants' conduct has directly and proximately caused economic and non-economic damages, invasion of privacy, deprivation of the exclusive use and control of individuals' own personal, financial and/or otherwise non-public information. Further, Defendants' conduct has made it impossible for Plaintiff and the Class to fully protect themselves from fraud.

8.      Furthermore, Defendants' conduct directly and proximately caused at least fifty (50) individuals, including Plaintiff, to fall victim to identity theft ("the Sub-Class"), thereby causing them to incur additional actual damages.

9.      As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class and Sub-Class have suffered and/or will suffer irreversible damage. As such, Plaintiff, on behalf of the Class and Sub-Class, seeks injunctive relief, compensatory and punitive damages, statutory penalties and restitution for statutory and common law violations of California law.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over all causes of action asserted herein pursuant to California Constitution, Article VI, § 10, because this case is a cause not given by statute to other trial courts.

11.      Venue is proper in this Court because the subject incident occurred in the County of Alameda. Further, Defendant Kaiser is a corporation authorized to conduct and does conduct significant amount of business in Alameda County and Defendant UHW headquarters are located in the County of Alameda.

12.      Defendants may be brought before this Court pursuant to the provisions of Code of Civil Procedure § 395.5.

//

//

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**CLASS ACTION COMPLAINT**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**PARTIES**

13.    Plaintiff MONICA M. SAENZ ("Plaintiff") is an individual who resides, and at all relevant times has resided, in Stanislaus County in California. At all times relevant herein, Plaintiff was employed and is employed by Defendant Kaiser and was a member and is a member of the UHW. She received direct notice from Defendant Kaiser of the breach of data security alleged herein and never received direct notice of any breach from Defendant UHW. Plaintiff was the victim of identity theft after July 2007. Plaintiff further brings this Complaint on behalf of all persons whose personal information was subjected to the data security breach by Defendants. Further, Plaintiff also seeks to bring this Complaint on behalf of a Sub-Class of persons whose personal information was subjected to the data security breach by Defendants and also were victims of identity theft thereafter.

14.    Defendant KAISER PERMANENTE, INT'L. ("Kaiser") is an integrated managed-care organization headquartered and incorporated in the State of California. Kaiser's corporate address is 1 Kaiser Place, Oakland, CA 94612. Kaiser is the largest managed care organization in the United States.. Kaiser reported a combined total operating revenue of $10.5 billion for the quarter that ended June 30, 2009, compared to $10.1 billion in the second quarter of last year. Plaintiff and members of the Class were employees of Kaiser at the time of the breach.

15.    Defendant SEIU UNITED HEALTHCARE WORKERS-WEST ("UHW") is a labor union. UHW is considered to be the largest and most powerful healthcare union in the Western United States. UHW is affiliated with the SEIU. Plaintiff and the Class were members of the UHW at the time of the breach. Bringing suit against UHW, an unincorporated association, is authorized under Cal. Civ. Pro. § 369.5.

16.    Defendant Service Employees International Union ("SEIU") is a labor union divided into three main sectors. One of SEIU's sectors is healthcare, which includes over 1 million members. Defendant UHW is a local branch of SEUI. Bringing suit against SEIU, an unincorporated association, is authorized under Cal. Civ. Pro. § 369.5.

17.    Defendants SEIU and UHW shall herein be referred to collectively as "Defendant UHW").

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

18.     The true names and capacities, whether individual, corporate, associate, representative, alter ego or otherwise, of defendants and/or their alter egos named herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff at this time, and are therefore sued by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1 through 10 when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 5 were employed by UHW and are responsible for the security breach. Plaintiff are further informed and believe and based thereon allege that DOES 6 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

19.     Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

20.     In committing the unlawful and wrongful acts as alleged herein, Defendants planned and participated in and furthered a common scheme by means of hiding the breach. Defendants knew or should have known that personal identifiable information of their employees and union members would be targets of theft, and that the subsequent concealment of the breach at issue herein would violate California law, as well as increase the Class' risk of identity theft. Nonetheless, Defendants did not implement and/or maintain reasonable policies and procedures of protecting the personal identifiable information of Plaintiff and the Class. Further, Defendants did not timely inform Plaintiff and the Class of the breach. Defendants further aided and abetted and knowingly assisted each other in breach of their respective duties as herein alleged.

//
//
//
//
//

**CLASS ALLEGATIONS**

21.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

22.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Code of Civil Procedure § 382.  The Class which Plaintiff seeks to represent is:

> **All persons in the State of California whose personal information was stored in certain computer files removed from SEIU-UHW's office(s) on or about July 2007.**

Plaintiff also seeks to represent a Sub-Class of individuals as follows:

> **All persons in the State of California whose personal information was stored in certain computer files removed from SEIU-UHW's offices on or about July 2007 and have been victims of identity theft at any time after July 2007.**

For purposes of this complaint, "the Class" also includes members of "the Sub-Class."  Excluded from both the Class and the Sub-Class are Defendants, any parent, subsidiary or affiliate of Defendants, and its officers, directors and employees who are or have been employed by Defendants during the above-defined Class Period, and any judicial officer who may preside over this cause of action.  Said definitions of the Class may be further defined or amended by additional pleadings, evidentiary hearings, class certification hearing, and/or orders of this Court.

23.     The requirements for maintaining this action as a class action are satisfied.

24.     Based on the letters and press releases issued by Defendant Kaiser to its employees, Plaintiff estimates that there are approximately 29,500 members of the general Class and approximately 50 members of the Sub-Class.  It is impractical to bring all members of the Class before the Court.  Attempting to join and name each Class member as co-Plaintiff would be unreasonable and impracticable.  The prosecution of separate actions by individual Class members or the individual joinder of all Class members of this action is impracticable and would create a massive and unnecessary burden on the Court's resources and could result in inconsistent adjudications. A single class can determine, with judicial economy, the rights of each member of the Class.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

25.     The Class members are ascertainable and can be ascertained and identified from, among other things, Defendants' records.   Indeed, given that Plaintiff and Class Members' information was contained on the computer files and that they are employees of Defendant Kaiser and members of Defendant UHW (and thereby provided personal information, including their names and addresses), ascertaining who is in the Class will be easily determined.

26.     Defendants' failure to adequately safeguard Class Members' personal, sensitive information and subsequent failure to timely inform the Class of the security breach, is applied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class. All putative Class members were and are similarly affected by the fact that each of their PII was contained in the removed computer file, and were all notified by Defendant Kaiser at approximately the same time.  Further, all members of the putative Sub-Class were and are similarly affected by the fact that their identities were stolen as a result of Defendants' conduct.

27.     The claims or defenses of the representative Plaintiff are typical of the claims or defenses of the Class, as Plaintiff's personal, confidential information was contained on the computer file removed from the UHW facility. Further, the claims or defenses of the representative Plaintiff are typical of the claims or defenses of the Sub-Class, as Plaintiff was the victim of identity theft after July 2007.

28.     Plaintiff will fairly and adequately protect the interests of the Class. The Class' interests are consistent with, and not antagonistic to, those of Plaintiff, and Plaintiff is represented by experienced class action counsel.

29.     Upon certification, notice can be efficiently and effectively accomplished since members of the Class' identities and locations can easily be ascertained from Defendants' records. Notice may be accomplished via, among other things, direct first class mail to all members of the Class to provide notice of the class action.

30.     There are questions of law and fact common to the Class which are substantially similar and predominate over the questions affecting the individual Class members.  Among these questions of law are:

7

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

a) Whether the following information about Plaintiff and each member of the Class' constitutes Personal Identifiable Information: name, address, telephone number, Social Security number, date of birth, gender, and hourly rate of pay;

b) Whether, at all times relevant herein, Defendants failed to adequately implement a procedure and policy to protect and secure the personal identifiable information of Plaintiff and the Class;

c) Whether, at all times relevant herein, Defendants failed to adequately maintain a procedure and policy to protect and secure the personal identifiable information of Plaintiff and the Class;

d) Whether Defendants failed to notify Plaintiff and the Class of the security breach in the most expedient time possible and without unreasonable delay;

e) Whether Defendants' conduct violated Civil Code §§1798.80, *et seq.*;

f) Whether Defendants concealed the breach from Plaintiff and the Class;

g) Whether Defendants negligently hired their employees;

h) Whether Defendants negligently trained their employees;

i) Whether Defendants negligently supervised their employees;

j) Whether Defendants' conduct as described herein was negligent;

k) Whether Defendants' conduct as described herein was intentional;

l) Whether Defendants' conduct as described herein was reckless;

m) Whether Defendants' conduct as described herein was deceptive, unlawful or unfair in any respect, thereby violating California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.;

n) Whether Defendants' conduct as described herein caused injury to Plaintiff and the Class; and,

o) Whether Defendants' conduct caused injury to Plaintiff and the Sub-Class.

31.     Certification of this class action is appropriate under Code of Civil Procedure § 382 and Civil Code 1781, because the questions of law or fact common to the respective Class members predominate over questions of law or fact affecting only individual members.  This predominance

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1   makes class litigation superior to any other method available for the fair and efficient adjudication of

2   these claims. Absent a class action, it would be highly unlikely that the representative Plaintiff or

3   any other Class member would be able to protect their own interests, because the cost of litigation

4   through individual lawsuits would exceed expected recovery.

5          32.    Certification is also appropriate because Defendants acted or refused to act on

6   grounds generally applicable to the Class, thereby making appropriate final injunctive relief with

7   respect to the Class as a whole.

8          33.    Further, given the large number of Class members and Sub-Class members, allowing

9   individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and

10  conflicting adjudication.

11         34.    A class action is a fair and appropriate method for the adjudication of the controversy,

12  in that it will permit a large number of claims to be resolved in a single forum simultaneously,

13  efficiently, and without the unnecessary hardship that would result from the prosecution of numerous

14  individual actions and duplication of discovery, effort, expense, and burden on the courts that such

15  individual actions would engender.

16

17  **FACTUAL ALLEGATIONS**

18         35.    Plaintiff repeats and realleges the allegations set forth above, and incorporates the

19  same as if set forth herein at length

20         36.    At all times relevant herein, Defendant Kaiser is the largest managed- healthcare

21  organization in the United States.

22         37.    At all times relevant herein, Defendant UHW is a labor union, and considered to be

23  the largest and most powerful healthcare union in the Western United States. UHW is affiliated with

24  the Service Employees International Union ("SEIU"). Defendants UHW and SEIU shall be

25  collectively referred to herein as "Defendant UHW").

26         38.    Plaintiff, at all times relevant herein, was and currently is both an employee of

27  Defendant Kaiser and a member of UHW.

28  //

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**A.     Defendants' Failure to Adequately Protect Confidential Information**

(1)     *Defendants' Collection and Maintenance of the PII for Plaintiff and the Class*

39.     Defendant Kaiser provided Defendant UHW with personal information regarding its employees, including Plaintiff and the Class and Sub-Class (collectively, "the Class"). This information was not otherwise publicly available or lawfully made available to the general public from federal, state, or local government records.

40.     Defendants, and each of them, failed to implement and maintain reasonable data security procedures and practices to protect Plaintiff and the Class' personal information from unauthorized access, destruction, use, modification or disclosure, as well as such policies and procedures that would cause Defendants to detect any such unauthorized conduct.  For example, Plaintiff is informed and believes and based thereupon alleges that Defendants collected and maintained the Plaintiff and each member of the Class' personal information in an unencrypted format.  In this electronic age, it is standard practice to encrypt sensitive personal and financial information, such as the personal information of employees, in order to protect such information from both internal and external threats.

41.     Plaintiff is informed and believes and based thereupon alleges that Defendants, and each of them, failed and continue to fail to take reasonable precautions in hiring those employees and agents who may, at any time, have access to Plaintiff and the Class' personal information to ensure that such employees would not use the personal information for unauthorized, unlawful or inappropriate purposes, including but not limited to, disclosure of the data to unauthorized persons.

42.     Plaintiff is informed and believes and based thereupon alleges that Defendants, and each of them, also failed and continue to fail to train their employees and/or agents to reasonably handle, maintain, and protect the personal information of Plaintiff and the Class.  Defendants further failed and continued to fail to train their employees and/or agents with regard to any purported data security procedures and/or practices.

43.     Plaintiff is informed and believes and based thereupon alleges that Defendants, and each of them, failed and continue to fail to reasonably supervise and monitor their employees and/or agents with regard to any purported data security procedures and practices.  Further, Defendants

failed and continue to fail to reasonably supervise and monitor their employees and/or agents to ensure that the employees and agents did not and do not use or disclose the personal information of Plaintiff and the Class for any purposes other than for legitimate business purposes.

**(2)    *Defendants' Failure to Adequately Prevent Unauthorized Disclosure of PII***

44.    On or about July 2007, certain computer files, databases and/or other electronically-stored records ("files") containing the personal information of approximately 29,500 individuals were removed without authorization from the UHW office in Oakland, California.   The data removed included, but is not limited to, the following personal information about these individuals, including Plaintiff and the Class:

    a)   Name,

    b)   Address,

    c)   Telephone number,

    d)   Social Security number,

    e)   Date of birth,

    f)   Gender, and

    g)   Hourly rate of pay

(collectively, "Personal Identifiable Information" or "PII").

45.    Plaintiff is informed and believes and based thereupon alleges that the removal of these computer files were not a good faith acquisition of personal information by an employee and/or agent of Defendants for legitimate business purposes. This incident constitutes a breach of data security.

46.    Further, Plaintiff is informed and believes and based thereupon alleges that the computer files containing the PII of Plaintiff and the Class were taken from the UHW office by at least one agent, servant, employee, or affiliate of Defendant UHW.  The PII data of Plaintiff and the Class was subsequently located during the execution of a law enforcement search warrant at a location that was not a UHW office.

//

//

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**B.**   **Defendants' Untimely Notification of Defendants' Breach of Data Security**

47.   Defendants did not provide the individuals whose personal information was compromised, including Plaintiff and the Class, with any notification of the data security breach, neither directly or indirectly, until nearly two years after the 2007 breach.

48.   Specifically, on or about February 6, 2009, Defendant Kaiser gave direct written notice of the breach to those Kaiser employees whose PII was contained in the stolen computer file, including Plaintiff and the Class. A true and correct copy of the letter from Defendant Kaiser to Plaintiff ("Notice Letter") is attached hereto as **Exhibit "1"**.

49.   As of the filing of this Complaint, Plaintiff still has not received direct notification from Defendant UHW concerning this incident.

50.   Thus, Defendants, and each of them, did not disclose the breach of data security described herein to Plaintiff and the Class in the most expedient time reasonable, as required by law. Defendants' failure to timely notify Plaintiff and the Class of the breach prevented Plaintiff and the Class from taking immediate steps to monitor and attempt to safeguard their personal information.

51.   Further, by failing to timely disclose the breach, Defendants, and each of them, attempted to shift the burden of discovering any resulting fraud and/or identity theft away from themselves, despite Defendants' superior position to discover and prevent such with regard to Plaintiff and the Class' PII.

**C.**   **Defendant Kaiser's Inadequate Remedy**

52.   Defendant Kaiser offered Plaintiff and members of the Class one year of professional credit monitoring, through Equifax, at no charge. *See* **Exhibit 1**.

53.   Defendant Kaiser's proposed remedy is inadequate for several reasons. First, upon the expiration of the one year of credit monitoring offered by Defendant Kaiser, Plaintiff and the Class will have to pay out-of-pocket for credit monitoring services they would not otherwise use or need but for Defendants' breach. Second, Kaiser's proposed remedy does not include compensation for any credit monitoring Plaintiff and the Class were required to purchase between July 2007 and February 2009 as a result of the breach. Third, Kaiser's proposed remedy does not compensate Plaintiff and the Sub-Class for their actual damages arising out of actually having their identities

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1   stolen. Fourth, Kaiser failed to offer these credit monitoring services as to the other two major credit

2   monitoring agencies, and instead limited its offer to only one of those three. Finally, the credit

3   monitoring offered by Kaiser does not prevent against the improper use of the data.

4        54.    Plaintiff is not aware of any remedial offer by Defendant UHW.

5   **D.   Defendants' General Breaches of California Residents' Privacy Rights**

6        55.    California law gives the protection of its citizens' privacy the highest priority.  Article

7   1, Section 1 of the California Constitution states:

8          "All people are by nature free and independent and have inalienable rights.
9          Among these are enjoying and defending life and liberty, acquiring,
       possessing and protecting property, and pursing and obtaining safety,
10          happiness and <u>privacy</u>." (emphasis added)

11   California citizens' rights to privacy have been compromised and infringed by the acts and

12   omissions of Defendants, and each of them, as described herein.

13        56.    California's common law and statutory scheme also recognizes and protects

14   California residents' right of privacy. For example, <u>Civil Code</u> § 1798.81.5(a) states:

15          It is the intent of the Legislature to ensure that personal information about
       California residents is protected.  To that end, the purpose of this section is
16          to encourage businesses that own or license personal information about
       Californians to provide reasonable security for that information.
17

18   Accordingly, section 1798.81 mandates that businesses owning or licensing Californians' PII must

19   implement and maintain reasonable security procedures and practices to protect such PII from

20   unauthorized access, destruction, use, modification or disclosure.   At all times relevant herein,

21   Defendants, and each of them, "own or license" Plaintiff and the Class' PII, in that Defendants used

22   the PII in transactions with Plaintiff and the Class.   This includes, but is not limited to, transactions

23   related to remittance of union dues.

24        57.    Further, section 1798.81.5(c) also requires a businesses that discloses PII to third

25   parties to contractually require the third party to implement and maintain reasonable security

26   procedures and practices to protect the PII from security breaches. Here, Defendant Kaiser was thus

27   required to ensure Defendant UHW maintained and implemented practices and procedures to protect

28   confidential employee data prior to Kaiser's disclosures of PII of Plaintiff and the Class.  Indeed,

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1  Defendants each failed in a variety of ways to use reasonable care and to fulfill their other legal

2  duties to protect their employees and union members' personal information.

3  **E.    Defendants' Conduct Caused Damages to the Class and Sub-Class**

4        58.    As a result of Defendants' breach of security concerning the Personal Identifiable

5  Information of Plaintiff and the Class, Plaintiff and the Class suffered injury in fact and severe

6  monetary and non-monetary damages.

7        59.    Specifically, as a direct and proximate result of Defendants' conduct, Plaintiff and the

8  Class have suffered economic damages including, but not limited to, the costs of obtaining identity

9  theft insurance, professional credit monitoring, cancelling and obtaining new credit and debit cards,

10  as well as fees for freezing and unfreezing bank and credit accounts.

11        60.    Plaintiff and the Class have also suffered non-economic damages, including but not

12  limited to, loss of and invasion of privacy, loss of property, loss of money, loss of control of their

13  personal financial and other nonpublic information, fear and apprehension of fraud and loss of

14  money. Plaintiff and members of the Class are at an increased and imminent risk of falling victim to

15  identity theft crimes, fraud, and abuse, and must continue to bear the burden of years of constant

16  credit surveillance and monitoring to prevent further losses.

17        61.    Furthermore, as a direct and proximate result of Defendants', and each of their,

18  failure to implement and maintain reasonable security procedures and practices to protect the PII

19  of Plaintiff and members of the Class, Plaintiff and members of the Sub-Class have suffered

20  additional actual damages, as described above. The additional actual damages suffered by Plaintiff

21  and the Sub-Class include, but are not limited to, theft of and unauthorized and/or unlawful use of

22  Plaintiff and the Sub-Class' identities by unauthorized persons, loss of money, and loss of time.

23  This includes, but is not limited to, actual damages for unauthorized charges, overdraft fees,

24  bounced check fees, late charges.

25        62.    Further, Plaintiff and the Sub-Class of identity theft victims have been required to

26  bear the enormous burden of attempting to restore their credit and identities. This includes, but is

27  not limited to, contacting and communicating with police, government officials, banks and

28  creditors; meticulously going through credit reports and bank and credit card statements; preparing

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

and executing affidavits regarding being a victim of identity theft and forgery; filing and amending police reports; and, conducting investigations and research in order to determine the scope of the identity theft.

63. Accordingly, Plaintiff and the Class and Sub-Class seek declaratory, injunctive relief, and restitution and compensatory and damages. This includes, but is not limited to: (i) Free credit monitoring from all three major commercial credit monitoring companies for five years; (ii) Free identity theft insurance for five years; and, (iii) Prospective relief to ensure that Defendants take every reasonable measure to make certain that policies and procedures are implemented to adequately protect Plaintiff and the Class' personal information from unauthorized access, destruction, use, modification or disclosure, and that any such breach is detected and reported to victims in a timely manner.

**F.** **Defendants' Conduct Caused Plaintiff and Sub-Class to Fall Victim to Identity Theft**

64. As a result of Defendants' breach of security and failure to timely disclose the breach, Plaintiff and at least 50 Class members have been victims of identity theft.

65. As defined in the Fair and Accurate Credit Transactions Act of 2003, Pub.L. 108-159, Dec. 4, 2003 (FACTA), "identity theft" is a fraud that is committed or attempted when one person is using another person's identifying information without permission. Generally, identity theft occurs when a person's identifying information is used to commit fraud or other crimes. These crimes include credit card fraud, phone or utilities fraud, bank fraud, and government fraud.

66. The breach of security of Personal Identifiable Information makes an individual an easier target for identity theft because the breach provides an identity thief with a consolidated and verified list of actual PII. In the wrong hands, the misdeeds possible with the Plaintiff's and Class Members' PII are limited only by the imagination of the thief.

67. Identity theft crimes often include more than just crimes of financial loss. Identity thieves also commit various types of government fraud, such as: obtaining a driver's license or official identification card in the victim's name but with their picture; using the victim's name and social security number to obtain government benefits; or filing a fraudulent tax return using the victim's information. In addition, identity thieves may obtain a job using the victim's Social

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**CLASS ACTION COMPLAINT**

Security number, rent a house or get medical service sin the victim's name, and may even give the victim's PII to police during an arrest resulting in an arrest warrant being issued in the victim's name.

68.     Victims of identity theft often have a great deal of difficulty clearing their credit records, which can significantly impair their credit rating and ability to obtain loans.  While law enforcement, banks, credit bureaus, and collection agencies all have procedures to help identity theft victims, it can still take weeks, months, or years of effort and frustration to return to normal. A damaged credit history can also cause difficulty for the victim in obtaining a new job or renting an apartment, as employers and landlords often review credit records of new applicants.

69.     Identity theft victims spend numerous hours and sometimes thousands of dollars repairing damage to their good name and credit record.

70.     Plaintiff's experience illustrates the typical experience of the Sub-Class of identity theft victims.  For example, at some point after the computer files containing Plaintiff and Class members' PII were removed from the UHW's Oakland office, Plaintiff and the Sub-Class' identities were stolen and used without authorization.  These identity thefts were directly and proximately caused by Defendants' conduct as described herein.

71.     Plaintiff, for example, first learned that her identity was being used without her authorization in late October 2008. Upon checking her credit report, Plaintiff then learned that her personal information was used by an unauthorized individual to withdraw money from Plaintiff's bank account, open approximately 10 unauthorized credit cards and accumulate charges therein. Additionally, a woman was using Plaintiff's identity to commit crimes across the country.

72.     But for Defendants' failure to adequately implement and maintain practices and procedures for protecting its employees and union members' personal, confidential information, Plaintiff and the Sub-Class would not have had their identities stolen. If Defendants had notified Plaintiff and the Class of the security breach in a timely manner, it would have prevented identity theft because Plaintiff and the Class would have taken immediate steps to monitor and attempt to safeguard their personal information and identities.

//

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1

**FIRST CAUSE OF ACTION**

2

**FOR FAILURE TO PROTECT SECURITY OF PRIVATE INFORMATION**

3

**(VIOLATION OF CALIFORNIA CIVIL CODE §§ 1798.80, _ET SEQ._)**

4

**(By Plaintiff and the Class against All Defendants, Including  Does 1-10, inclusive)**

5      73.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the

6     same as if set forth herein at length.

7      74.     Defendant Kaiser, as a corporation, and Defendant UHW, as an association, are each

8     a "business" within the meaning of Civil Code § 1798.80(a).

9      75.     Plaintiff and each member of the Class is an "individual" within the meaning of Civil

10    Code § 1798.80(c).

11      76.     Defendants, and each of them, retain, and at al times relevant herein, retained

12    personal, identifying information ("PII") of the Plaintiff and the Class.  This information includes,

13    without limitation, the name, address, telephone number, Social Security number, date of birth of

14    birth, gender and hourly rate of pay for each of Plaintiff and the members of the Class, when the data

15    elements were not encrypted.  The information retained by Defendants, and each of them, constitute

16    "personal information" within the meaning of both Civil Code § §1798.80(e) and 1798.5(d)(1).

17      77.     Defendants, and each of them, at all times relevant herein, retain and retained the PII

18    of Plaintiff and members of the Class for the purpose of using that information in transactions with

19    Plaintiff and the Class.  Thus, each Defendant, therefore, "owns or licenses" the PII of Plaintiff and

20    the Class within the meaning of Civil Code § 1798.81(5)(a).

21      78.     Defendants collected and maintained the Personal Identifiable Information of Plaintiff

22    and each member of the Class in an unencrypted format.

23      79.     Defendants, and each of them, failed to implement and maintain reasonable security

24    procedures and practices appropriate to the nature of Plaintiff and the Class' PII that they retain and

25    retained, to protect such information from unauthorized access, destruction, use, modification,

26    removal or disclosure.

27    //

28    //

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

80.     Civil Code 1798.82(a) requires that Defendants, and each of them:

> shall disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person.

81.     In waiting nearly two years before notifying Plaintiff and the Class, Defendant Kaiser failed to notify Plaintiff and the Class in the most expedient time possible and without unreasonable delay.

82.     Defendant UHW never gave notice to Plaintiff and the Class of the breach.

83.     Civil Code 1798.81.5(c) requires that Defendants, and each of them, adhere to the following when providing PII to third parties:

> A business that discloses personal information about a California resident pursuant to a contract with a nonaffiliated third party shall require by contract that the third party implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure.

84.     In disclosing the PII of Plaintiff and the Class to Defendant UHW, Kaiser was required by law to enter into a contract with Defendant UHW to ensure that Defendant UHW implement and maintain a data security system that adequately protected the PII of Plaintiff and members of the Class.  Defendant failed to enter into such a contract with UHW before turning over the PII of Plaintiff and the Class in connection with union dues, to the detriment of Plaintiff and the Class.

85.     As a direct and proximate result of Defendants' violations of Civil Code  1798.80, *et seq.*, Plaintiff and the Class have suffered economic and non-economic damages as described above and prayed for below.

86.     As a result of Defendants', and each of their, conduct, Plaintiff and the Class seek declaratory, injunctive and restitutionary relief and compensatory and damages.  Plaintiff and the Class seek the maximum statutory penalty of $3,000 per violation and attorneys fees pursuant to subsections (c) and (f) of Cal. Civ. Code § 1798.84, respectively.

//

## SECOND CAUSE OF ACTION

## FRAUDULENT CONCEALMENT

**(By Plaintiff and the Class against All Defendants, Including Does 1-10, inclusive)**

87.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

88.     Plaintiff and all members of the Class were in a fiduciary relationship with Defendants, and each of them.  Namely, Plaintiff and all members of the Class were employees of Defendant Kaiser and members of Defendant UHW's union.

89.     Beginning at an exact date unknown to Plaintiff, and at all times relevant herein, Defendants knew or should have known that there was a breach of data security on or about July 2007, including but not limited to the Oakland UHW office, as described above in paragraphs 21 through 57.

90.     The breach of data security as described above in paragraphs 21 through 57 is a material fact because (a) it compromises non-public, confidential and identifiable information of Plaintiff and each member of the Class; and, (b) the breach increased the likelihood that Plaintiff and each member of the Class would become a victim of identity theft.   In fact, a data security breach as alleged herein is considered so important that disclosure is required by California law.

91.     Defendants, and each of them, intentionally failed to disclose this material fact that was known only to Defendants, and each of them, and that Plaintiff and members of the Class could not have discovered.

92.     Defendants, and each of them, intended to deceive Plaintiff and the Class by concealing the security breach for almost two years.  Specifically, Defendants did not disclose the July 2007 security breach until approximately February 2009. Plaintiff reasonably relied on the deception of Defendants, and each of them.  Namely, Plaintiffs reasonably relied on Defendants to keep their PII confidential and to protect it from unauthorized disclosure.

93.     Plaintiff and members of the Class were harmed as a result of Defendants' concealment of the breach.  Specifically, Plaintiff and the Class have suffered economic and non-economic damages as described above and prayed for below.  As a result of Defendants', and each

**CLASS ACTION COMPLAINT**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1  of their, conduct, Plaintiff and the Class seek declaratory, injunctive and restitutionary relief and

2  compensatory and punitive damages.

3      94.    Defendants' concealment of the breach was a substantial factor in causing harm to

4  Plaintiff and the Class.

5

6  <div align="center">**THIRD CAUSE OF ACTION**</div>

7  <div align="center">**NEGLIGENCE**</div>

8  <div align="center">**(By Plaintiff and the Class against All Defendants, Including Does 1-10, inclusive)**</div>

9      95.    Plaintiff repeats and realleges the allegations set forth above, and incorporates the

10  same as if set forth herein at length.

<div align="center">**Duty**</div>

11

12      96.    At all times relevant herein, Defendants, and each of them, owed a duty to exercise

13  ordinary reasonable care to adequately protect the Personal, Identifiable Information of Plaintiff and

14  each member of the Class.  This includes, but is not limited to:

15      a)    Defendants' duty to provide for reasonable security of Plaintiff and the Class'

16          PII;

17      b)    Defendants' duty to reasonably protect Plaintiff and the Class' privacy.

18      c)    Defendants' duty to abide by California law with regard to collecting,

19          maintaining, disclosing and protecting Plaintiff and the Class' PII;

20      d)    Defendants' duty to reasonably collect, maintain, disclose and protect Plaintiff

21          and the Class' PII;

22      e)    Defendants' duty to implement reasonable data security procedures and

23          practices to protect their employees and union members' PII from

24          unauthorized access, destruction, use, modification or disclosure;

25      f)    Defendants' duty to maintain reasonable data security procedures and

26          practices to protect their employees and union members' PII from

27          unauthorized access, destruction, use, modification or disclosure;

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

<div align="center">20</div>

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

g) Defendants' duty to ensure that any third parties to whom PII will be disclosed to ensure that the third parties implement and maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

h) Defendants' duty to enter into contracts with third parties to whom PII will be disclosed to ensure that the third parties implement and maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

i) Defendants' duty to prevent unauthorized access, destruction, use, modification or disclosure of the PII of Plaintiff and the Class;

j) Defendants' duty to disclose to Plaintiff and the Class any breach of security regarding Plaintiff and the Class' PII in the most expedient time and without unreasonable delay; and,

k) Defendants' duty to not conceal any breach of security regarding Plaintiff and the Class' PII.

97.     At all relevant times herein, Defendants' duties as alleged herein extended to Plaintiff and the Class.

**Breach**

98.     At all relevant times herein, individually and in concert, breached their duties and obligations owed to Plaintiff and the Class by the following acts:

a) Defendants were reckless and negligent in their own actions toward Plaintiff and the Class in engaging in unlawful conduct;

b) Defendants were reckless and negligent in their own actions toward Plaintiff and the Class in engaging in conduct reasonably foreseeable to bring about economic harm to Plaintiff and the Class;

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

c) Defendants were reckless and negligent in their own actions toward Plaintiff and the Class, including without limitation:

    1. Defendants' failure to provide for reasonable security of Plaintiff and the Class' PII;

    2. Defendants' failure to reasonably protect Plaintiff and the Class' privacy.

    3. Defendants' failure to abide by California law with regard to collecting, maintaining, disclosing and protecting Plaintiff and the Class' PII;

    4. Defendants' failure to reasonably collect, maintain, disclose and protect Plaintiff and the Class' PII;

    5. Defendants' failure to implement reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

    6. Defendants' failure to maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

    7. Defendants' failure to enter into contracts with third parties to whom PII will be disclosed to ensure that the third parties implement and maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

    8. Defendants' failure to ensure that any third parties to whom PII will be disclosed to ensure that the third parties implement and maintain reasonable data security procedures and practices to

22

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

9. Defendants' failure to prevent unauthorized access, destruction, use, modification or disclosure of the PII of Plaintiff and the Class;

10. Defendants' failure to disclose and/or give notice to Plaintiff and the Class any breach of security regarding Plaintiff and the Class' PII in the most expedient time and without unreasonable delay; and,

11. Defendants' intentional concealment of a breach of security regarding Plaintiff and the Class' PII.

99. Defendants knew or should have known that their employees and union members, including Plaintiff and the Class, would suffer foreseeable injuries, damages and harm as a result of Defendants' failure to exercise reasonable ordinary care as alleged above.

100. Defendants, and each of them individually and in concert, acted with recklessness and conscious disregard of the rights of Plaintiff and the Class.

## Causation

101. Accordingly, as a proximate and legal result of Defendants' conduct, Plaintiff and the Class have lost money and suffered damages as described above and prayed for herein.

102. Defendants' negligence was a direct, substantial, legal and proximate cause of the injuries, damages, harm and economic loss that Plaintiff and the Class suffered, and will continue to suffer, as described herein.

## Damages

103. Plaintiff and the Class have suffered economic and non-economic damages as described above and prayed for below in an amount exceeding the jurisdictional limit and in an amount according to proof at trial. Plaintiff is informed and believes and based thereupon alleges that Defendants will continue to negligently fail to adequately protect the PIIs of Plaintiff and the

23

Class. As a result of Defendants', and each of their, conduct, Plaintiff and the Class seek declaratory and injunctive relief, restitution and compensatory and punitive damages.

### FOURTH CAUSE OF ACTION

### NEGLIGENT HIRING, TRAINING, AND SUPERVISION OF EMPLOYEES

**(By Plaintiff and the Class against All Defendants, Including Does 1-10, inclusive)**

104.    Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

#### Duty

105.    At all relevant times herein, Defendants, each of them individually and in concert, owed all employees and union members, a duty of care regarding the hiring, training, supervision, management and competence of their employees and agents. This duty of care extended to Plaintiffs and the Class as employees of Defendant Kaiser and members of Defendant UHW's union.

#### Breach

106.    At all relevant times herein, Defendants, each of them individually and in concert, breached their duties and obligations owed to Plaintiffs by the following acts:

a) Defendants were careless, reckless and negligent in the hiring, training, supervision, management, and competence of its employees and agents, including but not limited to those employees and agents responsible for implementing and maintaining policies and procedures that adequately protect the confidential information of Defendants' employees and union members; and,

b) Defendants did not take other reasonable and/or necessary actions and precautions to prevent the injuries, damages, and harm that occurred.

107.    Defendants knew or should have know that Kaiser employees and UHW union members, such as Plaintiffs, would suffer foreseeable injuries, damages, and harm as a result of Defendants' failure to exercise ordinary care, as described above.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**CLASS ACTION COMPLAINT**

1    108.    Defendants, each of the individually and in concert, acted with recklessness and

2  conscious disregard of the safety and rights of Plaintiffs and subjected Plaintiffs to cruel and unjust

3  hardships.  Plaintiffs are therefore entitled to an award of punitive damages against Defendants,

4  jointly and severally.

5                                          **Causation**

6    109.    Plaintiffs are informed and believe, and based thereupon allege, that Defendants'

7  negligence was a direct, substantial, legal, and proximate cause of Plaintiff's injuries, damages, harm

8  and economic loss that Plaintiff suffered, and will continue to suffer, as described and prayed for

9  herein.

10                                          **Damages**

11    110.    As a direct and proximate result of Defendants' negligent hiring, training and

12  supervising of their employees, Plaintiff and the Class have suffered economic and non-economic

13  damages as described above and prayed for below in an amount exceeding the jurisdictional limit

14  and in an amount according to proof at trial.  Plaintiff is informed and believes and based thereupon

15  alleges that Defendants will continue to negligently hire, train and supervise their employees.  As a

16  result of Defendants', and each of their, conduct, Plaintiff and the Class seek declaratory, injunctive

17  and restitutionary relief and compensatory and punitive and damages.

18

19                              **FIFTH CAUSE OF ACTION**

20        **VIOLATIONS OF BUSINESS & PROFESSIONS CODE §§ 17200, _ET SEQ._**

21        **(By Plaintiff and the Class against All Defendants, Including Does 1-10, inclusive)**

22    111.    Plaintiff repeats and realleges the allegations set forth above, and incorporates the

23  same as if set forth herein at length.

24    112.    Plaintiff brings this claim under the Unfair Competition Act (UCL), Business &

25  Professions Code §§ 17200, _et seq._, on behalf of (i) herself; (ii) a Class consisting of all persons in

26  the State of California whose personal identifying information was contained on computer files

27  removed from the office of Defendant UHW on or about July 2007; and, (iii) a Sub-Class consisting

28

_Milstein, Adelman & Kreger, LLP_
_2800 Donald Douglas Loop North_
_Santa Monica, California 90405_

1  of members of the Class who have been or will be victims of identity theft at any time after July
2  2007.

3      113.   Business & Professions Code §§ 17200, et seq. provides that unfair includes, but is
4  not limited to, "any unlawful, unfair or fraudulent business act or practice[.]"

5      114.   By and through their conduct as described herein, Defendants, and each of them,
6  engaged in activities which constitute unlawful, unfair and fraudulent business practices prohibited
7  by Business & Professions Code §§ 17200, et seq.

8      115.   Defendants, and each of them, have committed acts of unfair competition, including
9  those described above, by engaging in a pattern of "unlawful" business practices within the meaning
10 of Business & Professions Code §§ 17200, et seq. Specifically, Defendants' conduct violates Civil
11 Code §§ 1798.80, et seq, as described herein.

12     116.   Defendant Kaiser knew or should have known at the time Kaiser learned of the
13 breach that failure to provide timely notice of the breach to Plaintiff and the Class was unlawful.

14     117.   Defendant UHW knew or should have known at the time UHW learned of the breach
15 that failure to provide timely notice of the breach to Plaintiff and the Class was unlawful, unfair and
16 fraudulent. Further, Defendant UHW knew or should have known that failure to give notice of the
17 breach to Plaintiff and the Class was unlawful.

18     118.   Defendant Kaiser knew or should have known at the time it disclosed to Defendant
19 UHW the PII of Plaintiff and the Class that such disclosure was unlawful, unfair and fraudulent.
20 Defendants UHW and Kaiser, and each of them, knew or should have known at the time they were
21 in possession of Plaintiff and the Class' PII that failure to properly maintain a data security system
22 was unlawful, unfair and fraudulent.

23     119.   In providing her PII to Defendants in connection with her employment and union
24 membership, Plaintiff reasonably relied on Defendants' duty to properly maintain and secure her PII.

25     120.   The harmful impact upon members of the general public and the Class resulting from
26 Defendants' conduct as described herein far outweighs any reasons for justifications by Defendants.
27 //
28 //

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

121.    Defendants, and each of them, had improper motives (as alleged in this Complaint) in failing to provide timely notice of the breach to the Class.  The utilization of unlawful, unfair, unconscionable and/or deceptive practices was and is under the sole control of Defendants.

122.    As an individual whose PII was the subject of a data security breach by Defendants, and whose identity was stolen as a result of this breach, and as a member of the general public in California, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL, including declaratory relief, injunctive relief and restitution.

123.    As a direct and proximate result of Defendants' unfair, fraudulent and unlawful business practices, Plaintiff and the Class have suffered economic and non-economic damages as described above and prayed for below in an amount exceeding the jurisdictional limit and in an amount according to proof at trial.  Plaintiff is informed and believes and based thereupon alleges that Defendants will continue to engage in unfair, unlawful and fraudulent business practices.  As a result of Defendants', and each of their, conduct, Plaintiff and the Class seek declaratory, injunctive and restitutionary relief and compensatory and damages.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class and the Sub-Class all pray for judgment and relief on all Causes of Action as follows:

1.   An order certifying that this action may be maintained as a Class Action;

2.   Injunctive relief;

3.   Compensatory damages, according to proof at trial;

4.   Restitutionary relief, according to proof at trial;

5.   Maximum statutory penalties pursuant to Cal. Civ. Code § 1798.84(c);

6.   Exemplary and punitive damages;

7.   Pre-judgment and post-judgment interest;

8.   Reasonable attorneys' fees and costs of suit;

9.   Such other and further relief that the Court deems just and proper.

DATED: October 13, 2009                    MILSTEIN, ADELMAN & KREGER, LLP

                                           By: _____
                                               Wayne S. Kreger
                                               Sara D. Avila
                                               Attorneys for Plaintiff, Monica M. Saenz

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all triable issues.

DATED: October 13, 2009                    MILSTEIN, ADELMAN & KREGER, LLP

                                           By: _____
                                               Wayne S. Kreger
                                               Sara D. Avila
                                               Attorneys for Plaintiff, Monica M. Saenz

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

# EXHIBIT 1

 **KAISER PERMANENTE.**®

Equifax Activation Code: 5029068244677

February 6, 2009

Monica Saenz
5117 Amaro Way
Salida, CA 95368-9396

Dear Monica,

We are contacting you about an important privacy matter and to advise you of steps you may need to take to protect your personal information.  We recently learned about a breach of a computer file containing confidential Kaiser Permanente employee data affecting many of our Northern California KFH/HP and TPMG employees.  No personal health information was involved. The data, which was located during the execution of a law enforcement search warrant, includes your name, address, phone number, Social Security number, date of birth, gender, and an hourly rate of pay.  However, this does not necessarily mean that your information has been or will be used illegally.

Kaiser Permanente takes the privacy and security of your personal information very seriously. We apologize that this incident occurred and we are taking appropriate steps to ensure that it does not occur again. An internal investigation is underway and we are working closely with law enforcement in their investigation.

We want to minimize any inconvenience this situation may cause you.  To help protect your information, we will provide you one year of professional credit monitoring at no charge.  The code to activate this valuable service is at the top of this letter.  See the enclosed instructions about how to activate the service, as well as additional precautions you may take to protect your information.

If you have recently been the victim of identity theft, and wish to report that to us, please contact the Kaiser Permanente Compliance Connection at 1-888-774-9100.

We have also established a phone number for you to call us about this matter. That number is 1-877-281-3573.

Finally, we again extend our apologies to you and your family for any inconvenience this incident may cause.

Sincerely,

Gregory A. Adams
President, Northern California Region
Kaiser Foundation Health Plan, Inc.
Kaiser Foundation Hospitals

Robert M. Pearl, MD
Executive Director and CEO
The Permanente Medical Group

Kaiser Permanente **Credit Monitoring Offer**

Kaiser Permanente has arranged with Equifax Personal Solutions to help you protect your identity and your credit information at no cost to you with the Equifax Credit Watch™ Gold identity theft protection product.  You must enroll in order to receive these services.  **To enroll you will need your individual promotion code, which is at the top of the enclosed letter.** Equifax Credit Watch provides you with the following benefits:
*   Comprehensive monitoring and automated alerts of key changes to your Equifax credit file.
*   Wireless alerts and customizable alerts available.
*   Access to your Equifax Credit Report™.
*   $20,000 in identity theft insurance with $0 deductible, at no additional cost to you.
*   24/7 live agent Customer Service.

**To enroll online and receive credit reports and alerts online,** go to www.myservices.equifax.com/gold and do the following:

1.  Consumer Information: complete the form with your contact information (name, address and e-mail address) and click "Continue" button.  The information is provided in a secured environment.
2.  Identity Verification: complete the form with your Social Security number, date of birth, telephone #s, create a User Name and Password, agree to the Terms of Use and click "Continue" button.  The system will ask you up to two security questions to verify your identity.
3.  Payment Information: During the "checkout" process, enter the promotion code, provided at the top of your letter, in the "Enter Promotion Code" box (no spaces). After entering your code press the "Apply Code" button and then the "Submit Order" button at the bottom of the page. (This code eliminates the need to provide a credit card number for payment.)
4.  Order Confirmation: – Click "View My Product" to access your Equifax Credit Report.

**To enroll by phone and receive credit reports and alerts by U.S. mail,** call 1-866-937-8432 for the Equifax Credit Watch automated enrollment process and do the following:

1.  Promotion Code: You will be asked to enter your promotion code as provided at the top of your letter
2.  Customer Information: You will be asked to enter your home telephone number, home address, name, date of birth and Social Security number.
3.  Permissible Purpose: You will be asked to provide Equifax with your permission to access your credit file and to monitor your file.  Without your agreement, Equifax can not process your enrollment.
4.  Order Confirmation: Equifax will provide a confirmation number with an explanation that you will receive your Fulfillment Kit via the US Mail (when Equifax is able to verify your identity) or a Customer Care letter with further instructions  (if your identity can not be verified using the information provided).  Please allow up to 10 business days to receive this information.

## Additional Precautions

Whether or not you choose to accept our offer of free credit monitoring, there are additional precautions that you may want to consider:

You may choose to adopt an increased level of protection by placing a fraud alert on your credit file at Equifax and the other two credit reporting agencies. A fraud alert tells creditors to contact you before they open any new credit accounts or change your existing accounts.  To place a fraud alert on your credit file, visit:  www.fraudalerts.equifax.com or call the Equifax automated fraud line at 1-877-478-7625, and follow the simple prompts.  Once the fraud alert has been placed with Equifax, a notification will be sent to the other two credit reporting agencies, Experian and Trans Union, on your behalf.

You may periodically request a <u>free credit report</u>. Every consumer, whether or not his or her data has been involved in a security breach, can receive one free report every twelve months from each of the three national credit bureaus. You should remain vigilant about suspicious activity and check your credit reports periodically over the next 12 to 36 months. Look for inquiries from companies you haven't contacted, accounts you didn't open, and debts on your accounts that you can't explain.

You should know that as a precaution, Kaiser Permanente will never ask you to provide any sensitive personal information, such as your Social Security number, except when you have placed a call to us to verify identity, or through written requests mailed to your home address. If you do happen to receive a telephone or e-mail contact with such a request, it is not from Kaiser Permanente and you should not provide any such information.

**<u>If You Think You Are a Victim of Identity Theft</u>**

If you believe you are the victim of identity theft (e.g., your personal information is being used in an unauthorized or illegal manner), you should call the Kaiser Permanente Compliance Connection at 1-888-774-9100 and report facts which indicate that you are the victim of identity theft. KP investigators will follow up with you to investigate whether there is any relationship to this situation.

You may want to file a police report. File a report with law enforcement officials to help you work with creditors who may want proof of the crime.

EXHIBIT B

ENDORSED
FILED
ALAMEDA COUNTY

NOV 1 9 2009

CLERK OF THE SUPERIOR COURT
By ___CHARLOTTE MARIN___
Deputy

1  MILSTEIN, ADELMAN & KREGER, LLP
2  WAYNE S. KREGER, State Bar No. 154759
   wkreger@maklawyers.com
   SARA D. AVILA, State Bar No. 263213
3  savila@maklawyers.com
   2800 Donald Douglas Loop North
4  Santa Monica, California 90405
   Telephone (310) 396-9600
5  Facsimile (310) 396-9635

6  Attorneys for Plaintiff

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF ALAMEDA

10

11  MONICA M. SAENZ, individually and on behalf )  Case No. RG09478973
    of all others similarly situated,           )  Assigned to Hon. Robert Freedman, Dept. 20
12                                               )
                                                 )  FIRST AMENDED CLASS ACTION
13             Plaintiff,                         )  COMPLAINT FOR DAMAGES
                                                 )
14      vs.                                       )  1.  VIOLATION OF CALIFORNIA CIVIL
                                                 )      CODE §§ 1798.80, et seq.
15                                               )
    KAISER PERMANENTE INTERNATIONAL, a          )  2.  FRAUDULENT CONCEALMENT
16  California Corporation; KAISER               )
    FOUNDATION HEALTH PLAN, INC., a             )  3.  NEGLIGENCE
17  California Corporation; KAISER               )
    FOUNDATION HOSPITALS, a California           )  4.  NEGLIGENT HIRING, TRAINING
18  Corporation; THE PERMANENTE MEDICAL         )      AND SUPERVISION OF EMPLOYEES
    GROUP, INC., a California Corporation;        )
19  SERVICE EMPLOYEES INTERNATIONAL            )  5.  VIOLATIONS OF BUSINESS AND
    UNION (SEIU), an unincorporated association; )      PROFESSIONS CODE § 17200, et seq.
20  SEIU UNITED HEALTHCARE WORKERS-             )
    WEST, an unincorporated association; and     )
21  DOES 1 through 100, inclusive,               )  DEMAND FOR JURY TRIAL
                                                 )
22                                               )
               Defendants.                       )
23                                               )

24        Plaintiff MONICA M. SAENZ ("Plaintiff"), on behalf of herself and all others similarly

25  situated, alleges the following against Defendants KAISER PERMANENTE INTERNATIONAL, a

26  California Corporation; KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation;

27  KAISER FOUNDATION HOSPITALS, a California Corporation;   THE PERMANENTE

28  MEDICAL GROUP, INC., a California Corporation; SERVICE EMPLOYEES INTERNATIONAL

                                          1
            FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1    UNION (SEIU), an unincorporated association; and SEIU UNITED HEALTHCARE WORKERS-

2    WEST ("UHW"), an unincorporated association, and Does 1-100, inclusive (collectively,

3    "Defendants"), as follows:

### NATURE OF THE ACTION

5        1.    Plaintiff brings this class action to redress Defendants' breach of data security which

6    resulted in the theft of personal information of approximately 29,500 individuals ("the Class").

7    Defendants subsequently failed to timely notify Plaintiff and the other individuals of the breach.

8        2.    Defendants    KAISER    PERMANENTE,    INT'L.    ("Permanente"),    KAISER

9    FOUNDATION  HEALTH  PLAN,  INC.  ("KFHPI"),  KAISER  FOUNDATION  HOSPITALS

10   ("KFH") and THE PERMANENTE MEDICAL GROUP, INC. ("TPMG") (collectively, "Kaiser" or

11   "the Kaiser defendants") employ healthcare workers throughout California. Many, if not all, Kaiser

12   employees are also members of the labor union United Healthcare Workers-West ("UHW"), which

13   is a local branch of Service Employees International Union ("SEIU").  Plaintiff is an employee of

14   TPMG and member of Defendant UHW.  Defendants SEUI and UHW will be collectively referred

15   to as "UHW" or "the union defendants".

16       3.    Kaiser  gave  the  personal  information  of  its  employees,  including  Plaintiff  and  the

17   Class, to UHW in connection with remittance of union dues.

18       4.    Plaintiff first brings suit for Defendants' failure to implement and maintain policies and

19   procedures to adequately protect Plaintiff and the Class' personal information from unauthorized

20   access, destruction, use, modification and/or disclosure.  Defendants also failed to implement and

21   maintain policies and procedures to detect and prevent such unauthorized acts.  If Defendants had

22   such policies and procedures in place, it would have prevented this security breach in the first place.

23       5.    Second, Plaintiff brings suit for the damages arising out of the breach itself.

24   Specifically, as a result of Defendants' acts and omissions with regard to Plaintiff and the Class'

25   personal information, one or more employees of UHW removed from the UHW office certain

26   computer files, databases and/or other electronically-stored records containing lists of 29,500

27   individuals, along with their personal and private information.

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

6.     The information contained in the stolen computer files included, but are not limited to, each Class member's:

> Name,
> Address,
> Telephone number,
> Social Security number,
> Date of birth,
> Gender, and
> Hourly rate of pay

7.     Third, Plaintiff brings suit for the damages arising out of Defendants' inexplicable delay in providing notice to Plaintiff and the Class of the security breach.  Specifically, Defendants' breach took place on or around July 2007.  However, the Kaiser defendants failed to notify Class members, including Plaintiff, of the breach until February 2009. Defendants SEUI and UHW never provided Plaintiff with direct written notice of the breach.  Such untimely and unreasonable delay prevented Plaintiff and the Class from taking immediate steps to monitor and attempt to safeguard their personal information.

8.     Defendants' conduct has directly and proximately caused economic and non-economic damages, invasion of privacy, deprivation of the exclusive use and control of individuals' own personal, financial and/or otherwise non-public information. Further, Defendants' conduct has made it impossible for Plaintiff and the Class to fully protect themselves from fraud.

9.     Furthermore, Defendants' conduct directly and proximately caused at least fifty (50) individuals, including Plaintiff, to fall victim to identity theft ("the Sub-Class"), thereby causing them to incur additional actual damages.

10.     As a direct and proximate result of Defendants' conduct, Plaintiff and the members of the Class and Sub-Class have suffered and/or will suffer irreversible damage.  As such, Plaintiff, on behalf of the Class and Sub-Class, seeks injunctive relief, compensatory and punitive damages, statutory penalties and restitution for statutory and common law violations of California law.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over all causes of action asserted herein pursuant to California Constitution, Article VI, § 10, because this case is a cause not given by statute to other trial courts.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

12.     Venue is proper in this Court because the subject incident occurred in the County of Alameda.  Further, Defendant Kaiser is a corporation authorized to conduct and does conduct significant amount of business in Alameda County. Defendant UHW maintains headquarters in the County of Alameda.

13.     Defendants may be brought before this Court pursuant to the provisions of <u>Code of Civil Procedure</u> § 395.5.

## PARTIES

14.     Plaintiff MONICA M. SAENZ ("Plaintiff") is an individual who resides, and at all relevant times has resided, in Stanislaus County in California.  At all times relevant herein, Plaintiff was employed and is employed by Defendant The Permanente Medical Group, Inc. ("TPMG") and was a member and is a member of the UHW.  She received direct notice from the Kaiser defendants of the breach of data security alleged herein and never received direct notice of any breach from Defendant UHW. Plaintiff was the victim of identity theft after July 2007.  Plaintiff further brings this Complaint on behalf of all persons whose personal information was subjected to the data security breach by Defendants.  Further, Plaintiff also seeks to bring this Complaint on behalf of a Sub-Class of persons whose personal information was subjected to the data security breach by Defendants and also were victims of identity theft thereafter.

15.     Defendant KAISER PERMANENTE, INT'L. ("Permanente") is an integrated managed- care organization headquartered and incorporated in the State of California.  Kaiser's corporate address is 1 Kaiser Place, Oakland, CA 94612.  Kaiser is the largest managed care organization in the United States.  Kaiser reported a combined total operating revenue of $10.5 billion for the quarter that ended June 30, 2009, compared to $10.1 billion in the second quarter of last year.  Kaiser Permanente comprises Kaiser Foundation Health Plan Inc., Kaiser Foundation Hospitals and their subsidiaries an The Permanente Medical Groups.  Plaintiff and members of the Class were employees of Kaiser at the time of the breach.

16.     Defendant KAISER FOUNDATION HEALTH PLAN, INC. ("KFHPI") is a Kaiser Permanente entity headquartered and incorporated in the State of California.  KFHPI's corporate

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    address is One Kaiser Plaza, Oakland, California 94612.   Defendant KFHPI employed class

2    members at the time of the breach.

3        17.    Defendant KAISER FOUNDATION HOSPITALS, ("KFH") is a Kaiser Permanente

4    entity headquartered and incorporated in the State of California.  KFH's corporate address is One

5    Kaiser Plaza, 19th Floor, Oakland, California 94612.  Defendant KFH employed class members at

6    the time of the breach.

7        18.    Defendant THE PERMANENTE MEDICAL GROUP, INC., ("TPMG") is a  Kaiser

8    Permanente entity headquartered and incorporated in the State of California.  Defendant TPMG's

9    corporate address is 1950 Franklin Street, Oakland, California 94612.  Defendant KFHPI employed

10   class members at the time of the breach.

11       19.    Defendants Permanente, KFHPI, KFH and TPMG shall herein be referred to

12   collectively as "Kaiser."

13       20.    Defendant SEIU UNITED HEALTHCARE WORKERS-WEST ("UHW") is a labor

14   union.  UHW is considered to be the largest and most powerful healthcare union in the Western

15   United States.  UHW is the local branch of, and associated with, SEIU.  Plaintiff and the Class were

16   members of the UHW at the time of the breach.  Bringing suit against UHW, an unincorporated

17   association, is authorized under Cal. Civ. Pro. § 369.5.

18       21.    Defendant Service Employees International Union ("SEIU") is a labor union divided

19   into three main sectors.  One of SEIU's sectors is healthcare, which includes over 1 million

20   members.    Defendant UHW is a local branch of SEUI. Bringing suit against SEIU, an

21   unincorporated association, is authorized under Cal. Civ. Pro. § 369.5.

22       22.    Defendants SEIU and UHW shall herein be referred to collectively as "UHW" or

23   "SEUI-UHW."

24       23.    The true names and capacities, whether individual, corporate, associate,

25   representative, alter ego or otherwise, of defendants and/or their alter egos named herein as DOES 1

26   through 10 inclusive are presently unknown to Plaintiff at this time, and are therefore sued by such

27   fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiff will amend this

28   Complaint to allege the true names and capacities of DOES 1 through 100 when the same have been

5

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

ascertained.  Plaintiff is informed and believes and based thereon alleges that DOES 1 through 5 were employed by UHW and are responsible for the security breach. Plaintiff are further informed and believe and based thereon allege that DOES 6 through 100 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

24.     Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

25.     In committing the unlawful and wrongful acts as alleged herein, Defendants planned and participated in and furthered a common scheme by means of hiding the breach.  Defendants knew or should have known that personal identifiable information of their employees and union members would be targets of theft, and that the subsequent concealment of the breach at issue herein would violate California law, as well as increase the Class' risk of identity theft.  Nonetheless, Defendants did not implement and/or maintain reasonable policies and procedures of protecting the personal identifiable information of Plaintiff and the Class.  Further, Defendants did not timely inform Plaintiff and the Class of the breach.  Defendants further aided and abetted and knowingly assisted each other in breach of their respective duties as herein alleged.

## CLASS ALLEGATIONS

26.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

27.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Code of Civil Procedure § 382.  The Class which Plaintiff seeks to represent is:

> **All persons in the State of California whose personal information was stored in certain computer files removed from SEIU-UHW's office(s) on or about July 2007.**

//

//

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1   Plaintiff also seeks to represent a Sub-Class of individuals as follows:

**All persons in the State of California whose personal information was stored in certain computer files removed from SEIU-UHW's offices on or about July 2007 and have been victims of identity theft at any time after July 2007.**

For purposes of this complaint, members of "the Class" also includes members of "the Sub-Class." Excluded from both the Class and the Sub-Class are Defendants, any parent, subsidiary or affiliate of Defendants, and its officers, directors and employees who are or have been employed by Defendants during the above-defined Class Period, and any judicial officer who may preside over this cause of action.  Said definitions of the Class may be further defined or amended by additional pleadings, evidentiary hearings, class certification hearing, and/or orders of this Court.

28.   The requirements for maintaining this action as a class action are satisfied.

29.   Based on the letters and press releases issued by Kaiser Defendants to their employees, Plaintiff estimates that there are approximately 29,500 members of the general Class and approximately 50 members of the Sub-Class.  It is impractical to bring all members of the Class before the Court.  Attempting to join and name each Class member as co-Plaintiff would be unreasonable and impracticable.  The prosecution of separate actions by individual Class members or the individual joinder of all Class members of this action is impracticable and would create a massive and unnecessary burden on the Court's resources and could result in inconsistent adjudications.  A single class can determine, with judicial economy, the rights of each member of the Class.

30.   The Class members are ascertainable and can be ascertained and identified from, among other things, Defendants' records.  Indeed, given that Plaintiff and Class Members' information was contained on the computer files and that they are employees of Kaiser Defendants and members of UHW and/or SEUI (and thereby provided personal information, including their names and addresses), ascertaining who is in the Class will be easily determined.

31.   Defendants' failure to adequately safeguard Class Members' personal, sensitive information and subsequent failure to timely inform the Class of the security breach, is applied uniformly to all members of the Class, so that the questions of law and fact are common to all

members of the Class. All putative Class members were and are similarly affected by the fact that each of their PII was contained in the removed computer file, and were all notified by Kaiser Defendants at approximately the same time. Further, all members of the putative Sub-Class were and are similarly affected by the fact that their identities were stolen as a result of Defendants' conduct.

32.  The claims or defenses of the representative Plaintiff are typical of the claims or defenses of the Class, as Plaintiff's personal, confidential information was collected by Kaiser Defendants and contained on the computer file removed from the UHW facility. Further, the claims or defenses of the representative Plaintiff are typical of the claims or defenses of the Sub-Class, as Plaintiff was the victim of identity theft after July 2007.

33.  Plaintiff will fairly and adequately protect the interests of the Class. The Class' interests are consistent with, and not antagonistic to, those of Plaintiff, and Plaintiff is represented by experienced class action counsel.

34.  Upon certification, notice can be efficiently and effectively accomplished since members of the Class' identities and locations can easily be ascertained from Defendants' records. Notice may be accomplished via, among other things, direct first class mail to all members of the Class to provide notice of the class action.

35.  There are questions of law and fact common to the Class which are substantially similar and predominate over the questions affecting the individual Class members. Among these questions of law are:

   a)  Whether the following information about Plaintiff and each member of the Class' constitutes Personal Identifiable Information: name, address, telephone number, Social Security number, date of birth, gender, and hourly rate of pay;

   b)  Whether, at all times relevant herein, Defendants failed to adequately implement any procedures and policies to protect and secure the personal identifiable information of Plaintiff and the Class;

//

//

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    c) Whether, at all times relevant herein, Defendants failed to adequately maintain

2    any procedures and policies to protect and secure the personal identifiable

3    information of Plaintiff and the Class;

4    d) Whether Defendants failed to notify Plaintiff and the Class of the security

5    breach in the most expedient time possible and without unreasonable delay;

6    e) Whether Defendants' conduct violated <u>Civil Code</u> §§1798.80, *et seq.*;

7    f) Whether Defendants concealed the breach from Plaintiff and the Class;

8    g) Whether Defendants negligently hired their employees;

9    h) Whether Defendants negligently trained their employees;

10    i) Whether Defendants negligently supervised their employees;

11    j) Whether Defendants' conduct as described herein was negligent;

12    k) Whether Defendants' conduct as described herein was intentional;

13    l) Whether Defendants' conduct as described herein was reckless;

14    m) Whether Defendants' conduct as described herein was deceptive, unlawful or

15    unfair in any respect, thereby violating California's Unfair Competition Law

16    ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.;

17    n) Whether Defendants' conduct as described herein caused injury to Plaintiff

18    and the Class; and,

19    o) Whether Defendants' conduct caused injury to Plaintiff and the Sub-Class.

20    36.    Certification of this class action is appropriate under Code of Civil Procedure § 382

21 and <u>Civil Code</u> 1781, because the questions of law or fact common to the respective Class members

22 predominate over questions of law or fact affecting only individual members.  This predominance

23 makes class litigation superior to any other method available for the fair and efficient adjudication of

24 these claims.  Absent a class action, it would be highly unlikely that the representative Plaintiff or

25 any other Class member would be able to protect their own interests, because the cost of litigation

26 through individual lawsuits would exceed expected recovery.

27 //

28 //

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

37.    Certification is also appropriate because Defendants acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

38.    Further, given the large number of Class members and Sub-Class members, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudication.

39.    A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and duplication of discovery, effort, expense, and burden on the courts that such individual actions would engender.

## FACTUAL ALLEGATIONS

40.    Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length

41.    At all times relevant herein, Defendant Kaiser Permanente is the largest managed-healthcare organization in the United States.  Defendants KFHPI, KFH and TPMG are Kaiser Permanente entities.  Defendants Kaiser Permanente, KFHPI, KFH and TPMG shall herein be referred to collectively as "Kaiser" or "the Kaiser defendants."

42.    At all times relevant herein, Defendant UHW is a labor union, and considered to be the largest and most powerful healthcare union in the Western United States.  UHW is affiliated with the Service Employees International Union ("SEIU").  Defendants UHW and SEIU shall be collectively referred to herein as "Defendant UHW" or "the union" or "SEUI-UHW".

43.    Plaintiff, at all times relevant herein, was and currently is both an employee of Defendant TPMG and a member of UHW and/or SEUI.

//

//

//

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

A.     **Defendants' Failure to Adequately Protect Confidential Information**

(1)     *Defendants' Collection and Maintenance of the PII for Plaintiff and the Class*

44.     Kaiser Defendants provided Defendant UHW with personal information regarding their employees, including Plaintiff and the Class and Sub-Class (collectively, "the Class"). This information was not otherwise publicly available or lawfully made available to the general public from federal, state, or local government records.

45.     Defendants, and each of them, failed to implement and maintain reasonable data security procedures and practices to protect Plaintiff and the Class' personal information from unauthorized access, destruction, use, modification or disclosure, as well as such policies and procedures that would cause Defendants to detect any such unauthorized conduct.  For example, Plaintiff is informed and believes and based thereupon alleges that Defendants collected and maintained the Plaintiff and each member of the Class' personal information in an unencrypted format.  In this electronic age, it is standard practice to encrypt sensitive personal and financial information, such as the personal information of employees, in order to protect such information from both internal and external threats.

46.     Plaintiff is informed and believes and based thereupon alleges that Defendants, and each of them, failed and continue to fail to take reasonable precautions in hiring those employees and agents who may, at any time, have access to Plaintiff and the Class' personal information to ensure that such employees would not use the personal information for unauthorized, unlawful or inappropriate purposes, including but not limited to, disclosure of the data to unauthorized persons.

47.     Plaintiff is informed and believes and based thereupon alleges that Defendants, and each of them, also failed and continue to fail to train their employees and/or agents to reasonably handle, maintain, and protect the personal information of Plaintiff and the Class.  Defendants further failed and continued to fail to train their employees and/or agents with regard to any purported data security procedures and/or practices.

48.     Plaintiff is informed and believes and based thereupon alleges that Defendants, and each of them, failed and continue to fail to reasonably supervise and monitor their employees and/or agents with regard to any purported data security procedures and practices.  Further, Defendants

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1   failed and continue to fail to reasonably supervise and monitor their employees and/or agents to

2   ensure that the employees and agents did not and do not use or disclose the personal information of

3   Plaintiff and the Class for any purposes other than for legitimate business purposes.

4         **(2)**    ***Defendants' Failure to Adequately Prevent Unauthorized Disclosure of PII***

5         49.    On or about July 2007, certain computer files, databases and/or other electronically-

6   stored records ("files") containing the personal information of approximately 29,500 individuals

7   were removed without authorization from the UHW office in Oakland, California. The data

8   removed included, but is not limited to, the following personal information about these individuals,

9   including Plaintiff and the Class:

10          a)  Name,

11          b)  Address,

12          c)  Telephone number,

13          d)  Social Security number,

14          e)  Date of birth,

15          f)  Gender, and

16          g)  Hourly rate of pay

17  (collectively, "Personal Identifiable Information" or "PII").

18        50.    Plaintiff is informed and believes and based thereupon alleges that the removal of

19  these computer files were not a good faith acquisition of personal information by an employee

20  and/or agent of Defendants for legitimate business purposes. This incident constitutes a breach of

21  data security (hereinafter referred to as "the breach" or "the security breach").

22        51.    Further, Plaintiff is informed and believes and based thereupon alleges that the

23  computer files containing the PII of Plaintiff and the Class were taken from the UHW office by at

24  least one agent, servant, employee, or affiliate of Defendant UHW. Plaintiff is informed and

25  believes and based thereupon alleges that the PII data of Plaintiff and the Class was subsequently

26  located during the execution of a law enforcement search warrant at a location that was not a UHW

27  office.

28  //

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

12

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

**B.** **Defendants' Untimely Notification of Defendants' Breach of Data Security**

52.     Defendants did not provide the individuals whose personal information was compromised, including Plaintiff and the Class, with any notification of the data security breach, neither directly or indirectly, until nearly two years after the 2007 breach.

53.     Specifically, on or about February 6, 2009, at least one of the Kaiser Defendants gave direct written notice of the breach to their employees whose PII was contained in the stolen computer file, including Plaintiff and the Class. A true and correct copy of the letter from Kaiser Defendants to Plaintiff ("Notice Letter") is attached hereto as **Exhibit "1"**.

54.     As of the filing of this Complaint, Plaintiff is not aware of any direct notification from the UHW to any of its members concerning this incident.

55.     Thus, Defendants, and each of them, did not disclose the breach of data security described herein to Plaintiff and the Class in the most expedient time reasonable, as required by law. Defendants' failure to timely notify Plaintiff and the Class of the breach prevented Plaintiff and the Class from taking immediate steps to monitor and attempt to safeguard their personal information.

56.     Further, by failing to timely disclose the breach, Defendants, and each of them, attempted to shift the burden of discovering any resulting fraud and/or identity theft away from themselves, despite Defendants' superior position to discover and prevent such with regard to Plaintiff and the Class' PII.

**C.** **Defendant Kaiser's Inadequate Remedy**

57.     Kaiser Defendants offered Plaintiff and members of the Class one year of professional credit monitoring, through Equifax, at no charge. *See* **Exhibit 1**.

58.     Defendant Kaiser's proposed remedy is inadequate for several reasons. First, upon the expiration of the one year of credit monitoring offered by Kaiser Defendants, Plaintiff and the Class will have to pay out-of-pocket for credit monitoring services they would not otherwise use or need but for Defendants' breach. Second, Kaiser's proposed remedy does not include compensation for any credit monitoring Plaintiff and the Class were required to purchase between July 2007 and February 2009 as a result of the breach. Third, Kaiser's proposed remedy does not compensate Plaintiff and the Sub-Class for their actual damages arising out of actually having their identities

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

13

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

stolen. Fourth, Kaiser failed to offer these credit monitoring services as to the other two major credit monitoring agencies, and instead limited its offer to only one of those three. Finally, the credit monitoring offered by Kaiser does not prevent against the improper use of the data.

59.     Plaintiff is not aware of any remedial offer by Defendant UHW.

**D.     Defendants' General Breaches of California Residents' Privacy Rights**

60.     California law gives the protection of its citizens' privacy the highest priority. Article 1, Section 1 of the California Constitution states:

> "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursing and obtaining safety, happiness and <u>privacy</u>." (emphasis added)

California citizens' rights to privacy have been compromised and infringed by the acts and omissions of Defendants, and each of them, as described herein.

61.     California's common law and statutory scheme also recognizes and protects California residents' right of privacy. For example, <u>Civil Code</u> § 1798.81.5(a) states:

> It is the intent of the Legislature to ensure that personal information about California residents is protected. To that end, the purpose of this section is to encourage businesses that own or license personal information about Californians to provide reasonable security for that information.

Accordingly, section 1798.81 mandates that businesses owning or licensing Californians' PII must implement and maintain reasonable security procedures and practices to protect such PII from unauthorized access, destruction, use, modification or disclosure.   At all times relevant herein, Defendants, and each of them, "own or license" Plaintiff and the Class' PII, in that Defendants used the PII in transactions with Plaintiff and the Class.   This includes, but is not limited to, transactions related to remittance of union dues.

62.     Further, section 1798.81.5(c) also requires a business that discloses PII to third parties to contractually require the third party to implement and maintain reasonable security procedures and practices to protect the PII from security breaches. Here, Kaiser Defendants were thus required to ensure Defendant UHW maintained and implemented practices and procedures to protect confidential employee data prior to Kaiser's disclosures of PII of Plaintiff and the Class.   Indeed,

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

14

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    Defendants each failed in a variety of ways to use reasonable care and to fulfill their other legal

2    duties to protect their employees and union members' personal information.

3    **E.    Defendants' Conduct Caused Damages to the Class and Sub-Class**

4         63.    As a result of Defendants' breach of security concerning the Personal Identifiable

5    Information of Plaintiff and the Class, Plaintiff and the Class suffered injury in fact and severe

6    monetary and non-monetary damages.

7         64.    Specifically, as a direct and proximate result of Defendants' conduct, Plaintiff and the

8    Class have suffered economic damages including, but not limited to, the costs of obtaining identity

9    theft insurance, professional credit monitoring, cancelling and obtaining new credit and debit cards,

10   as well as fees for freezing and unfreezing bank and credit accounts.

11        65.    Plaintiff and the Class have also suffered non-economic damages, including but not

12   limited to, loss of and invasion of privacy, loss of property, loss of money, loss of control of their

13   personal financial and other nonpublic information, fear and apprehension of fraud and loss of

14   money.  Plaintiff and members of the Class are at an increased and imminent risk of falling victim to

15   identity theft crimes, fraud, and abuse, and must continue to bear the burden of years of constant

16   credit surveillance and monitoring to prevent further losses.

17        66.    Furthermore, as a direct and proximate result of Defendants', and each of their,

18   failure to implement and maintain reasonable security procedures and practices to protect the PII

19   of Plaintiff and members of the Class, Plaintiff and members of the Sub-Class have suffered

20   additional actual damages, as described above.  The additional actual damages suffered by Plaintiff

21   and the Sub-Class include, but are not limited to, theft of and unauthorized and/or unlawful use of

22   Plaintiff and the Sub-Class' identities by unauthorized persons, loss of money, and loss of time.

23   This includes, but is not limited to, actual damages for unauthorized charges, overdraft fees,

24   bounced check fees, late charges.

25        67.    Further, Plaintiff and the Sub-Class of identity theft victims have been required to

26   bear the enormous burden of attempting to restore their credit and identities.  This includes, but is

27   not limited to, contacting and communicating with police, government officials, banks and

28   creditors; meticulously going through credit reports and bank and credit card statements; preparing

1   and executing affidavits regarding being a victim of identity theft and forgery; filing and amending

2   police reports; and, conducting investigations and research in order to determine the scope of the

3   identity theft.

4        68.    Accordingly, Plaintiff and the Class and Sub-Class seek declaratory, injunctive relief,

5   and restitution and compensatory and damages.  This includes, but is not limited to: (i) Free credit

6   monitoring from all three major commercial credit monitoring companies for five years; (ii) Free

7   identity theft insurance for five years; and, (iii) Prospective relief to ensure that Defendants take

8   every reasonable measure to make certain that policies and procedures are implemented to

9   adequately protect Plaintiff and the Class' personal information from unauthorized access,

10   destruction, use, modification or disclosure, and that any such breach is detected and reported to

11   victims in a timely manner.

**F.**    **Defendants' Conduct Caused Plaintiff and Sub-Class to Fall Victim to Identity Theft**

13        69.    As a result of Defendants' breach of security and failure to timely disclose the breach,

14   Plaintiff is informed and believes and based thereupon alleges that at least approximately 50 Class

15   members have been victims of identity theft.

16        70.    As defined in the Fair and Accurate Credit Transactions Act of 2003, Pub.L. 108-159,

17   Dec. 4, 2003 (FACTA), "identity theft" is a fraud that is committed or attempted when one person

18   is using another person's identifying information without permission.  Generally, identity theft

19   occurs when a person's identifying information is used to commit fraud or other crimes.  These

20   crimes include credit card fraud, phone or utilities fraud, bank fraud, and government fraud.

21        71.    The breach of security of Personal Identifiable Information makes an individual an

22   easier target for identity theft because the breach provides an identity thief with a consolidated and

23   verified list of actual PII.  In the wrong hands, the misdeeds possible with the Plaintiff's and Class

24   Members' PII are limited only by the imagination of the thief.

25        72.    Identity theft crimes often include more than just crimes of financial loss.  Identity

26   thieves also commit various types of government fraud, such as: obtaining a driver's license or

27   official identification card in the victim's name but with their picture; using the victim's name and

28   social security number to obtain government benefits; or filing a fraudulent tax return using the

*Milstein, Adelman & Kreger, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, California 90405*

victim's information.  In addition, identity thieves may obtain a job using the victim's Social Security number, rent a house or get medical service sin the victim's name, and may even give the victim's PII to police during an arrest resulting in an arrest warrant being issued in the victim's name.

73.     Victims of identity theft often have a great deal of difficulty clearing their credit records, which can significantly impair their credit rating and ability to obtain loans.  While law enforcement, banks, credit bureaus, and collection agencies all have procedures to help identity theft victims, it can still take weeks, months, or years of effort and frustration to return to normal. A damaged credit history can also cause difficulty for the victim in obtaining a new job or renting an apartment, as employers and landlords often review credit records of new applicants.

74.     Identity theft victims spend numerous hours and sometimes thousands of dollars repairing damage to their good name and credit record.

75.     Plaintiff's experience illustrates the typical experience of the Sub-Class of identity theft victims.  For example, at some point after the computer files containing Plaintiff and Class members' PII were removed from the UHW's Oakland office, Plaintiff and the Sub-Class' identities were stolen and used without authorization.  These identity thefts were directly and proximately caused by Defendants' conduct as described herein.

76.     Plaintiff, for example, first learned that her identity was being used without her authorization in late October 2008. Upon checking her credit report, Plaintiff then learned that her personal information was used by an unauthorized individual to withdraw money from Plaintiff's bank account, open approximately 10 unauthorized credit cards and accumulate charges therein. Additionally, a woman used Plaintiff's identity to commit crimes across the country.

77.     But for Defendants' failure to adequately implement and maintain practices and procedures for protecting its employees and union members' personal, confidential information, Plaintiff and the Sub-Class would not have had their identities stolen. If Defendants had notified Plaintiff and the Class of the security breach in a timely manner, it would have prevented  identity theft because Plaintiff and the Class would have taken immediate steps to monitor and attempt to safeguard their personal information and identities.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

17

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

## FIRST CAUSE OF ACTION

### FOR FAILURE TO PROTECT SECURITY OF PRIVATE INFORMATION

### (VIOLATION OF CALIFORNIA CIVIL CODE §§ 1798.80, *ET SEQ.*)

**(By Plaintiff, the Class and Subclass against All Defendants, Including  Does 1-100, inclusive)**

78.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

79.     Defendant KAISER PERMANENTE, INT'L. ("Permanente"), as a corporation, is a "business" within the meaning of Civil Code § 1798.80(a). Defendant KAISER FOUNDATION HEALTH PLAN, INC. ("KFHPI"), as a corporation, is a "business" within the meaning of Civil Code § 1798.80(a). Defendant KAISER FOUNDATION HOSPITALS ("KFH"), as a corporation, is a "business" within the meaning of Civil Code § 1798.80(a). Defendant THE PERMANENTE MEDICAL GROUP, INC. ("TPMG") (collectively, "Kaiser" or "the Kaiser defendants"), as a corporation, is a "business" within the meaning of Civil Code § 1798.80(a). Defendant UHW, as an association, is a "business" within the meaning of Civil Code § 1798.80(a). Defendant SEIU, as an association, is a "business" within the meaning of Civil Code § 1798.80(a).

80.     Plaintiff and each member of the Class and each member of the Subclass (collectively, "the Class") is an "individual" within the meaning of Civil Code § 1798.80(c).

81.     Defendants, and each of them, retain, and at all times relevant herein, retained personal, identifying information ("PII") of the Plaintiff and the Class.  This information includes, without limitation, the name, address, telephone number, Social Security number, date of birth of birth, gender and hourly rate of pay for each of Plaintiff and the members of the Class, when the data elements were not encrypted.  The information retained by Defendants, and each of them, constitute "personal information" within the meaning of both Civil Code § §1798.80(e) and 1798.5(d)(1).

82.     Defendants, and each of them, at all times relevant herein, retain and retained the PII of Plaintiff and members of the Class for the purpose of using that information in transactions with Plaintiff and the Class.  Thus, each Defendant, therefore, "owns or licenses" the PII of Plaintiff and the Class within the meaning of Civil Code § 1798.81(5)(a).

//

18

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

83.     Defendants collected and maintained the Personal Identifiable Information of Plaintiff and each member of the Class in an unencrypted format.

84.     Defendants, and each of them, failed to implement and maintain reasonable security procedures and practices appropriate to the nature of Plaintiff and the Class' PII that they retain and retained, to protect such information from unauthorized access, destruction, use, modification, removal or disclosure.

85.     Civil Code 1798.82(a) requires that Defendants, and each of them:

> shall disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person.

86.     In waiting nearly two years before notifying Plaintiff and the Class, Kaiser Defendants failed to notify Plaintiff and the Class in the most expedient time possible and without unreasonable delay.

87.     Defendants UHW and SEUI never gave direct written notice to Plaintiff and the Class of the breach.

88.     Civil Code 1798.81.5(c) requires that Defendants, and each of them, adhere to the following when providing PII to third parties:

> A business that discloses personal information about a California resident pursuant to a contract with a nonaffiliated third party shall require by contract that the third party implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure.

89.     In disclosing the PII of Plaintiff and the Class to the UHW, Kaiser Defendants were each required by law to enter into a contract with Defendant UHW to ensure that Defendant UHW implement and maintain a data security system that adequately protected the PII of Plaintiff and members of the Class.  Plaintiff is informed and believes and based thereupon alleges that Kaiser Defendants failed to enter into such a contract with UHW before turning over the PII of Plaintiff and the Class in connection with union dues, to the detriment of Plaintiff and the Class.

//

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

90.     As a direct and proximate result of Defendants' violations of <u>Civil Code</u>   1798.80, *et seq.*, Plaintiff and the Class have suffered economic and non-economic damages as described above and prayed for below.

91.     As a result of Defendants', and each of their, conduct, Plaintiff and the Class seek declaratory, injunctive and restitutionary relief and compensatory and damages.   Plaintiff and the Class seek the maximum statutory penalty of $3,000 per violation and attorneys fees pursuant to subsections (c) and (f) of <u>Cal. Civ. Code</u> § 1798.84, respectively.

## SECOND CAUSE OF ACTION

## FRAUDULENT CONCEALMENT

**(By Plaintiff, the Class and Subclass against All Defendants, Including  Does 1-100, inclusive)**

92.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

93.     Plaintiff and all members of the Class and the Subclass (collectively, "the Class") were in a fiduciary relationship with Defendants, and each of them.   Namely, Plaintiff and all members of the Class were employees of at least one of the Kaiser Defendants and members of Defendant UHW's union.

94.     Beginning at an exact date unknown to Plaintiff, and at all times relevant herein, Defendants knew or should have known that there was a breach of data security on or about July 2007, including but not limited to the Oakland UHW office, as fully described above.

95.     The breach of data security as fully described above is a material fact because (a) it compromises non-public, confidential and identifiable information of Plaintiff and each member of the Class; and, (b) the breach increased the likelihood that Plaintiff and each member of the Class would become a victim of identity theft.    In fact, a data security breach as alleged herein is considered so important that disclosure is required by California law.

96.     Defendants, and each of them, intentionally failed to disclose this material fact that was known only to Defendants, and each of them, and that Plaintiff and members of the Class could not have discovered.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

97.     Defendants, and each of them, intended to deceive Plaintiff and the Class by concealing the security breach for almost two years.  Specifically, Defendants did not disclose the July 2007 security breach until approximately February 2009. Plaintiff reasonably relied on the deception of Defendants, and each of them.  Namely, Plaintiffs reasonably relied on Defendants to keep their PII confidential and to protect it from unauthorized disclosure.

98.     Plaintiff and members of the Class were harmed as a result of Defendants' concealment of the breach.  Specifically, Plaintiff and the Class have suffered economic and non-economic damages as described above and prayed for below.  As a result of Defendants', and each of their, conduct, Plaintiff and the Class seek declaratory, injunctive and restitutionary relief and compensatory and punitive damages.

99.     Defendants' concealment of the breach was a substantial factor in causing harm to Plaintiff and the Class.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

**(By Plaintiff, the Class and Subclass against All Defendants, Including Does 1-100, inclusive)**

100.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

### Duty

101.     At all times relevant herein, Defendants, and each of them, owed a duty to exercise ordinary reasonable care to adequately protect the Personal, Identifiable Information of Plaintiff and each member of the Class and the Subclass ("collectively, "the Class").  This includes, but is not limited to:

    a)  Defendants' duty to provide for reasonable security of Plaintiff and the Class' PII;

    b)  Defendants' duty to reasonably protect Plaintiff and the Class' privacy.

    c)  Defendants' duty to abide by California law with regard to collecting, maintaining, disclosing and protecting Plaintiff and the Class' PII;

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

d) Defendants' duty to reasonably collect, maintain, disclose and protect Plaintiff and the Class' PII;

e) Defendants' duty to implement reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

f) Defendants' duty to maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

g) Defendants' duty to ensure that any third parties to whom PII will be disclosed to ensure that the third parties implement and maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

h) Defendants' duty to enter into contracts with third parties to whom PII will be disclosed to ensure that the third parties implement and maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

i) Defendants' duty to prevent unauthorized access, destruction, use, modification or disclosure of the PII of Plaintiff and the Class;

j) Defendants' duty to disclose to Plaintiff and the Class any breach of security regarding Plaintiff and the Class' PII in the most expedient time and without unreasonable delay; and,

k) Defendants' duty to not conceal any breach of security regarding Plaintiff and the Class' PII.

102.   At all relevant times herein, Defendants' duties as alleged herein extended to Plaintiff and the Class.

//

22

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

1

**Breach**

103.    At all relevant times herein, individually and in concert, breached their duties and obligations owed to Plaintiff and the Class by the following acts:

a) Defendants were reckless and negligent in their own actions toward Plaintiff and the Class in engaging in unlawful conduct;

b) Defendants were reckless and negligent in their own actions toward Plaintiff and the Class in engaging in conduct reasonably foreseeable to bring about economic harm to Plaintiff and the Class;

c) Defendants were reckless and negligent in their own actions toward Plaintiff and the Class, including without limitation:

    1. Defendants' failure to provide for reasonable security of Plaintiff and the Class' PII;

    2. Defendants' failure to reasonably protect Plaintiff and the Class' privacy.

    3. Defendants' failure to abide by California law with regard to collecting, maintaining, disclosing and protecting Plaintiff and the Class' PII;

    4. Defendants' failure to reasonably collect, maintain, disclose and protect Plaintiff and the Class' PII;

    5. Defendants' failure to implement reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

    6. Defendants' failure to maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

7. Defendants' failure to enter into contracts with third parties to whom PII will be disclosed to ensure that the third parties implement and maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

8. Defendants' failure to ensure that any third parties to whom PII will be disclosed to ensure that the third parties implement and maintain reasonable data security procedures and practices to protect their employees and union members' PII from unauthorized access, destruction, use, modification or disclosure;

9. Defendants' failure to prevent unauthorized access, destruction, use, modification or disclosure of the PII of Plaintiff and the Class;

10. Defendants' failure to disclose and/or give notice to Plaintiff and the Class any breach of security regarding Plaintiff and the Class' PII in the most expedient time and without unreasonable delay; and,

11. Defendants' intentional concealment of a breach of security regarding Plaintiff and the Class' PII.

104. Defendants knew or should have known that their employees and union members, including Plaintiff and the Class, would suffer foreseeable injuries, damages and harm as a result of Defendants' failure to exercise reasonable ordinary care as alleged above.

105. Defendants, and each of them individually and in concert, acted with recklessness and conscious disregard of the rights of Plaintiff and the Class.

//

//

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1

### Causation

2    106.    Accordingly, as a proximate and legal result of Defendants' conduct, Plaintiff and the

·3    Class have lost money and suffered damages as described above and prayed for herein.

4    107.    Defendants' negligence was a direct, substantial, legal and proximate cause of the

5    injuries, damages, harm and economic loss that Plaintiff and the Class suffered, and will continue to

6    suffer, as described herein.

7

### Damages

8    108.    Plaintiff and the Class have suffered economic and non-economic damages as

9    described above and prayed for below in an amount exceeding the jurisdictional limit and in an

10    amount according to proof at trial.  Plaintiff is informed and believes and based thereupon alleges

11    that Defendants will continue to negligently fail to adequately protect the PIIs of Plaintiff and the

12    Class.  As a result of Defendants', and each of their, conduct, Plaintiff and the Class seek declaratory

13    and injunctive relief, restitution and compensatory and punitive damages.

14

15

## FOURTH CAUSE OF ACTION

16

## NEGLIGENT HIRING, TRAINING, AND SUPERVISION OF EMPLOYEES

17    **(By Plaintiff, the Class and Subclass against All Defendants, Including Does 1-100, inclusive)**

18    109.    Plaintiff repeats and realleges the allegations set forth above, and incorporates the

19    same as if set forth herein at length.

20

### Duty

21    110.    At all relevant times herein, Defendants, each of them individually and in concert,

22    owed all employees and union members, a duty of care regarding the hiring, training, supervision,

23    management and competence of their employees and agents.  This duty of care extended to Plaintiffs

24    and the Class and Subclass ("collectively, "the Class") as employees of Kaiser Defendants and

25    members of Defendant UHW's union.

26

### Breach

27    111.    At all relevant times herein, Defendants, each of them individually and in concert,

28    breached their duties and obligations owed to Plaintiffs by the following acts:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

a)  Defendants were careless, reckless and negligent in the hiring, training, supervision, management, and competence of its employees and agents, including but not limited to those employees and agents responsible for implementing and maintaining policies and procedures that adequately protect the confidential information of Defendants' employees and union members; and,

b)  Defendants did not take other reasonable and/or necessary actions and precautions to prevent the injuries, damages, and harm that occurred.

112.    Defendants knew or should have know that Kaiser employees and UHW union members, such as Plaintiffs, would suffer foreseeable injuries, damages, and harm as a result of Defendants' failure to exercise ordinary care, as described above.

113.    Defendants, each of the individually and in concert, acted with recklessness and conscious disregard of the safety and rights of Plaintiffs and subjected Plaintiffs to cruel and unjust hardships.  Plaintiffs are therefore entitled to an award of punitive damages against Defendants, jointly and severally.

<u>**Causation**</u>

114.    Plaintiffs are informed and believe, and based thereupon allege, that Defendants' negligence was a direct, substantial, legal, and proximate cause of Plaintiff's injuries, damages, harm and economic loss that Plaintiff suffered, and will continue to suffer, as described and prayed for herein.

<u>**Damages**</u>

115.    As a direct and proximate result of Defendants' negligent hiring, training and supervising of their employees, Plaintiff and the Class have suffered economic and non-economic damages as described above and prayed for below in an amount exceeding the jurisdictional limit and in an amount according to proof at trial.  Plaintiff is informed and believes and based thereupon alleges that Defendants will continue to negligently hire, train and supervise their employees.  As a result of Defendants', and each of their, conduct, Plaintiff and the Class seek declaratory, injunctive and restitutionary relief and compensatory and punitive and damages.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1

2 **FIFTH CAUSE OF ACTION**

3 **VIOLATIONS OF BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.***

4 **(By Plaintiff, the Class and Subclass against All Defendants, Including Does 1-100, inclusive)**

5     116.    Plaintiff repeats and realleges the allegations set forth above, and incorporates the

6 same as if set forth herein at length.

7     117.    Plaintiff brings this claim under the Unfair Competition Act (UCL), Business &

8 Professions Code §§ 17200, *et seq.*, on behalf of (i) herself; (ii) a Class consisting of all persons in

9 the State of California whose personal identifying information was contained on computer files

10 removed from the office of Defendant UHW on or about July 2007; and, (iii) a Sub-Class consisting

11 of members of the Class who have been or will be victims of identity theft at any time after July

12 2007.

13     118.    Business & Professions Code §§ 17200, *et seq.* provides that unfair includes, but is

14 not limited to, "any unlawful, unfair or fraudulent business act or practice[.]"

15     119.    By and through their conduct as described herein, Defendants, and each of them,

16 engaged in activities which constitute unlawful, unfair and fraudulent business practices prohibited

17 by Business & Professions Code §§ 17200, *et seq.*

18     120.    Defendants, and each of them, have committed acts of unfair competition, including

19 those described above, by engaging in a pattern of "unlawful" business practices within the meaning

20 of Business & Professions Code §§ 17200, *et seq.* Specifically, Defendants' conduct violates Civil

21 Code §§ 1798.80, *et seq*, as described herein.

22     121.    Kaiser Defendants knew or should have known at the time Kaiser learned of the

23 breach that failure to provide timely notice of the breach to Plaintiff and the Class was unlawful.

24     122.    Defendant UHW knew or should have known at the time UHW learned of the breach

25 that failure to provide timely notice of the breach to Plaintiff and the Class was unlawful, unfair and

26 fraudulent. Further, Defendant UHW knew or should have known that failure to give notice of the

27 breach to Plaintiff and the Class was unlawful.

28 //

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

123. Kaiser Defendants knew or should have known at the time they disclosed to Defendant UHW the PII of Plaintiff and the Class that such disclosure was unlawful, unfair and fraudulent. Defendants UHW and Kaiser, and each of them, knew or should have known at the time they were in possession of Plaintiff and the Class' PII that failure to properly maintain a data security system was unlawful, unfair and fraudulent.

124. In providing her PII to Defendants in connection with her employment and union membership, Plaintiff reasonably relied on Defendants' duty to properly maintain and secure her PII.

125. The harmful impact upon members of the general public and the Class resulting from Defendants' conduct as described herein far outweighs any reasons for justifications by Defendants.

126. Defendants, and each of them, had improper motives (as alleged in this Complaint) in failing to provide timely notice of the breach to the Class. The utilization of unlawful, unfair, unconscionable and/or deceptive practices was and is under the sole control of Defendants.

127. As an individual whose PII was the subject of a data security breach by Defendants, and whose identity was stolen as a result of this breach, and as a member of the general public in California, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL, including declaratory relief, injunctive relief and restitution.

128. As a direct and proximate result of Defendants' unfair, fraudulent and unlawful business practices, Plaintiff and the Class have suffered economic and non-economic damages as described above and prayed for below in an amount exceeding the jurisdictional limit and in an amount according to proof at trial. Plaintiff is informed and believes and based thereupon alleges that Defendants will continue to engage in unfair, unlawful and fraudulent business practices. As a result of Defendants', and each of their, conduct, Plaintiff and the Class seek declaratory, injunctive and restitutionary relief and compensatory and damages.

//

//

//

//

//

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff and the Class and the Sub-Class all pray for judgment and relief on

3   all Causes of Action as follows:

4      1.   An order certifying that this action may be maintained as a Class Action;

5      2.   Injunctive relief;

6      3.   Compensatory damages, according to proof at trial;

7      4.   Restitutionary relief, according to proof at trial;

8      5.   Maximum statutory penalties pursuant to Cal. Civ. Code § 1798.84(c);

9      6.   Exemplary and punitive damages;

10     7.   Pre-judgment and post-judgment interest;

11     8.   Reasonable attorneys' fees and costs of suit;

12     9.   Such other and further relief that the Court deems just and proper.

13

14   DATED: November 17, 2009            MILSTEIN, ADELMAN & KREGER, LLP

15

16

17                                      By: _____
                                            Wayne S. Kreger
18                                          Sara D. Avila
                                            Attorneys for Plaintiff, Monica M. Saenz
19

20

21                          **JURY TRIAL DEMANDED**

22      Plaintiffs demand a jury trial on all triable issues.
     DATED: November 17, 2009            MILSTEIN, ADELMAN & KREGER, LLP
23

24                                      By: _____
                                            Wayne S. Kreger
25                                          Sara D. Avila
                                            Attorneys for Plaintiff, Monica M. Saenz
26

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

# EXHIBIT 1



Equifax Activation Code: 5029068244677

February 6, 2009

Monica Saenz
5117 Amaro Way
Salida, CA 95368-9396

Dear Monica,

We are contacting you about an important privacy matter and to advise you of steps you may need to take to protect your personal information. We recently learned about a breach of a computer file containing confidential Kaiser Permanente employee data affecting many of our Northern California KFH/HP and TPMG employees. No personal health information was involved. The data, which was located during the execution of a law enforcement search warrant, includes your name, address, phone number, Social Security number, date of birth, gender, and an hourly rate of pay. However, this does not necessarily mean that your information has been or will be used illegally.

Kaiser Permanente takes the privacy and security of your personal information very seriously. We apologize that this incident occurred and we are taking appropriate steps to ensure that it does not occur again. An internal investigation is underway and we are working closely with law enforcement in their investigation.

We want to minimize any inconvenience this situation may cause you. To help protect your information, we will provide you one year of professional credit monitoring at no charge. The code to activate this valuable service is at the top of this letter. See the enclosed instructions about how to activate the service, as well as additional precautions you may take to protect your information.

If you have recently been the victim of identity theft, and wish to report that to us, please contact the Kaiser Permanente Compliance Connection at 1-888-774-9100.

We have also established a phone number for you to call us about this matter. That number is 1-877-281-3573.

Finally, we again extend our apologies to you and your family for any inconvenience this incident may cause.

Sincerely,

Gregory A. Adams
President, Northern California Region
Kaiser Foundation Health Plan, Inc.
Kaiser Foundation Hospitals

Robert M. Pearl, MD
Executive Director and CEO
The Permanente Medical Group

Kaiser Permanente **Credit Monitoring Offer**

Kaiser Permanente has arranged with Equifax Personal Solutions to help you protect your identity and your credit information at no cost to you with the Equifax Credit Watch™ Gold identity theft protection product.  You must enroll in order to receive these services.  **To enroll you will need your individual promotion code, which is at the top of the enclosed letter.**  Equifax Credit Watch provides you with the following benefits:
* Comprehensive monitoring and automated alerts of key changes to your Equifax credit file.
* Wireless alerts and customizable alerts available.
* Access to your Equifax Credit Report™.
* $20,000 in identity theft insurance with $0 deductible, at no additional cost to you.
* 24/7 live agent Customer Service.

**To enroll online and receive credit reports and alerts online,** go to www.myservices.equifax.com/gold and do the following:

1. Consumer Information: complete the form with your contact information (name, address and e-mail address) and click "Continue" button.  The information is provided in a secured environment.
2. Identity Verification: complete the form with your Social Security number, date of birth, telephone #s, create a User Name and Password, agree to the Terms of Use and click "Continue" button.  The system will ask you up to two security questions to verify your identity.
3. Payment Information: During the "checkout" process, enter the promotion code, provided at the top of your letter, in the "Enter Promotion Code" box (no spaces).  After entering your code press the "Apply Code" button and then the "Submit Order" button at the bottom of the page.  (This code eliminates the need to provide a credit card number for payment.)
4. Order Confirmation: – Click "View My Product" to access your Equifax Credit Report.

**To enroll by phone and receive credit reports and alerts by U.S. mail,** call 1-866-937-8432 for the Equifax Credit Watch automated enrollment process and do the following:

1. Promotion Code: You will be asked to enter your promotion code as provided at the top of your letter
2. Customer Information: You will be asked to enter your home telephone number, home address, name, date of birth and Social Security number.
3. Permissible Purpose: You will be asked to provide Equifax with your permission to access your credit file and to monitor your file.  Without your agreement, Equifax can not process your enrollment.
4. Order Confirmation: Equifax will provide a confirmation number with an explanation that you will receive your Fulfillment Kit via the US Mail (when Equifax is able to verify your identity) or a Customer Care letter with further instructions  (if your identity can not be verified using the information provided).  Please allow up to 10 business days to receive this information.

**Additional Precautions**

Whether or not you choose to accept our offer of free credit monitoring, there are additional precautions that you may want to consider:

You may choose to adopt an increased level of protection by placing a fraud alert on your credit file at Equifax and the other two credit reporting agencies.  A fraud alert tells creditors to contact you before they open any new credit accounts or change your existing accounts.  To place a fraud alert on your credit file, visit: www.fraudalerts.equifax.com or call the Equifax automated fraud line at 1-877-478-7625, and follow the simple prompts.  Once the fraud alert has been placed with Equifax, a notification will be sent to the other two credit reporting agencies, Experian and Trans Union, on your behalf.

You may periodically request a <u>free credit report</u>. Every consumer, whether or not his or her data has been involved in a security breach, can receive one free report every twelve months from each of the three national credit bureaus. You should remain vigilant about suspicious activity and check your credit reports periodically over the next 12 to 36 months. Look for inquiries from companies you haven't contacted, accounts you didn't open, and debts on your accounts that you can't explain.

You should know that as a precaution, Kaiser Permanente will never ask you to provide any sensitive personal information, such as your Social Security number, except when you have placed a call to us to verify identity, or through written requests mailed to your home address. If you do happen to receive a telephone or e-mail contact with such a request, it is not from Kaiser Permanente and you should not provide any such information.

### If You Think You Are a Victim of Identity Theft

If you believe you are the victim of identity theft (e.g., your personal information is being used in an unauthorized or illegal manner), you should call the Kaiser Permanente Compliance Connection at 1-888-774-9100 and report facts which indicate that you are the victim of identity theft. KP investigators will follow up with you to investigate whether there is any relationship to this situation.

You may want to file a police report. File a report with law enforcement officials to help you work with creditors who may want proof of the crime.