1   STEPHEN P. BERZON (SBN 46540)
    EMILY WHITE (SBN 254294)
2   Altshuler Berzon LLP
    177 Post Street, Suite 300
3   San Francisco, California 94108
    Telephone:  (415) 421-7151
4   Facsimile:  (415) 362-8064
    sberzon@altshulerberzon.com
5   ewhite@altshulerberzon.com

6

7   Attorneys for Defendant SERVICE EMPLOYEES INTERNATIONAL UNION

8

9                  UNITED STATES DISTRICT COURT FOR THE

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12

13  MONICA M. SAENZ, individually and on          )   Case No. 4:09-cv-05562-PJH
    behalf of all others similarly situated,      )
14                                                 )   CLASS ACTION
                                                   )
15                        Plaintiff,               )   DEFENDANT SEIU'S REPLY IN
          v.                                       )   SUPPORT OF MOTION FOR
16                                                 )   JUDGMENT ON THE PLEADINGS
                                                   )
17  KAISER FOUNDATION HEALTH PLAN,                 )   Date:   January 27, 2010
    INC., a California Corporation; KAISER         )   Time:   9:00 a.m.
18  FOUNDATION HOSPITALS, a California             )   Place:  Courtroom 3, 3rd Floor
    Corporation; THE PERMANENTE MEDICAL            )
19  GROUP, INC., a California Corporation;         )
    SERVICE EMPLOYEES INTERNATIONAL                )
20  UNION (SEIU), an unincorporated association;   )
    SEIU UNITED HEALTHCARE                         )
21  WORKERS-WEST, an unincorporated                )
    association; and DOES 1 through 100, inclusive,)
22                                                 )
                                                   )
23                        Defendants.              )
                                                   )
24  _____       )

25

26

27

28

1

**INTRODUCTION**

2      In its opening brief in support of its Motion for Judgment on the Pleadings, Defendant

3 Service Employees International Union ("SEIU" or "the International Union") explained that all of

4 Plaintiff's state law claims are preempted by the duty of fair representation, and that any duty of fair

5 representation claim must be dismissed. Plaintiff's Opposition provides no basis for denying

6 SEIU's Motion. Plaintiff entirely fails to acknowledge (let alone refute) the great weight of

7 authority set forth by SEIU as grounds for dismissal. Plaintiff's arguments in opposition are simply

8 confused attempts to subvert the well-established legal standards governing this suit.

9

**ARGUMENT**

10 **I.    All Claims Should Be Dismissed As Artfully Pled Duty of Fair Representation Claims**

11       **A.    The Standards Governing The Federal Duty Of Fair Representation**

12       It is well-established that duty of fair representation claims must be decided solely under

13 federal law, not under state law or the standards that state law would impose. *Vaca v. Sipes*, 386

14 U.S. 171, 177 (1967); *Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008). Also long-settled is the

15 principle that, even where a plaintiff has not identified a duty of fair representation claim in her

16 complaint, the duty's federal preemptive power is so strong that it preempts state law claims that

17 implicate and significantly overlap with it.[1] *See, e.g.*, *Adkins*, 526 F.3d at 539-40; *BIW Deceived v.*

18 *Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d 824, 831-32 (1st Cir. 1997);

19 *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1165-67 (5th Cir. 1989); *Johnson v.*

20 *United Food & Commercial Workers Int'l Union Local No. 23*, 828 F.2d 961, 967 (3d Cir. 1987);

21 *Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1170-71 (4th Cir. 1985); *Maynard v. Revere*

22

23       [1]Whether the preemptive effect of the duty of fair representation is so powerful as to confer

24 federal removal jurisdiction is a separate question. That issue is addressed by the Notice of
Removal and Defendants' Opposition to Plaintiff's Motion to Remand. As set forth in Defendants'

25 Opposition, the near-unanimous weight of authority, including the only two Circuit Court decisions
to address the issue, hold that duty of fair representation preemption is complete preemption which

26 provides for removal at Defendants' option under 28 U.S.C. §1441; *see BIW Deceived v. Local S6,*

27 *Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d 824, 831-32 (1st Cir. 1997); *Richardson
v. United Steelworkers of Am.*, 864 F.2d 1162, 1169 (5th Cir. 1989).

28

1

1    *Copper Prods., Inc.*, 773 F.2d 733, 735-36 (6th Cir. 1985); *Condon v. Local 2944, United*

2    *Steelworkers of Am.*, 683 F.2d 590, 594-95 (1st Cir. 1982).  In such a case, the state law claim is

3    recast as an "artfully pled" duty of fair representation claim.  *Adkins*, 526 F.3d at 539-40; *Peterson*,

4    759 F.2d at 1170-71; *Condon*, 683 F.2d at 595; *Cahoon v. Int'l Bhd. of Elec. Workers Local 261*,

5    175 F. Supp. 2d 220, 227 (D. Conn. 2001); *Madison v. Motion Picture Set Painters & Sign Writers*

6    *Local 729*, 132 F. Supp. 2d 1244, 1257-58 (C.D. Cal. 2000).  The inquiry then turns to whether the

7    plaintiff can independently state a claim for a breach of the duty of fair representation.  *Cahoon*, 175

8    F. Supp. 2d at 227-28; *Madison*, 132 F. Supp. 2d at 1259-60.  Plaintiff's Opposition altogether fails

9    to acknowledge this basic tenet of labor law while clinging to the assertion that SEIU seeks

10   dismissal of "non-existent" claims.  Opp. at 4.

11        The duty of fair representation is rooted in Section 9(a) of the National Labor Relations Act,

12   29 U.S.C. §159(a).  The Supreme Court has construed the duty to represent all employees in a

13   bargaining unit as a duty to represent those employees fairly.  *Ford Motor Co. v. Huffman*, 345 U.S.

14   330, 337 (1953); *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 74-78 (1991).  As explained in *Vaca*

15   *v. Sipes*, this duty "includes a statutory obligation to serve the interests of all members without

16   hostility or discrimination towards any, to exercise its discretion in complete faith and honesty, and

17   to avoid arbitrary conduct."  386 U.S. at 177.

18        To determine whether preemption applies is a legal inquiry; a court looks to the conduct

19   alleged by the complaint and makes a determination as to whether the conduct implicates the

20   union's representational activities.  *See, e.g.*, *Adkins*, 526 F.3d at 540-42; *Madison*, 132 F. Supp. 2d

21   at 1257-58.  Accordingly, Plaintiff's assertion that SEIU's Motion is inappropriate because

22   "numerous material issues of fact remain to be resolved," Opp. at 4, is inapposite.  For purposes of

23   its Motion, SEIU accepts the facts alleged by Plaintiff as true.  Given those facts, Plaintiff fails to

24   state a claim against SEIU.

25   ///

26   ///

27   ///

28

2

1

      **B.**    **All Of Plaintiff's Claims Are Preempted Because The Conduct At The Heart Of Plaintiff's Complaint Is The Union's Representational Activity**

2

3          Plaintiff unpersuasively argues that the duty of fair representation applies to

4 "representational activity" undertaken *only* in the context of the collective bargaining process.  Opp.

5 at 6.  In putting forth such a limited reading of the duty, Plaintiff ignores that the Supreme Court has

6 construed the duty of fair representation to encompass a far broader range of conduct.  Indeed, the

7 duty of fair representation applies to *all* representational activity in which a union engages.  *O'Neill*,

8 499 U.S. at 67 (the rule announced in *Vaca v. Sipes* . . . applies to all union activity"); *see also*

9 *Madison*, 132 F. Supp. 2d at 1256 (duty "applies to all representational activity in which the union

10 engages"); *Cahoon*, 175 F. Supp. 2d at 227.  "Defining the preempted field in terms of

11 'representational activity' is in keeping with the origins of the duty in the NLRA's designation of

12 unions as the exclusive representative of employees."  *Cahoon*, 175 F. Supp. 2d at 227.  As stated

13 by the Supreme Court in first recognizing the duty of fair representation, "the exercise of a granted

14 power to act in behalf of others involves the assumption toward them of a duty to exercise the power

15 in their interest and behalf."  *Steele v. Louisville & Nashville R. Co.*, 323 U.S. 192, 202 (1944).

16 Thus, the duty of fair representation reflects a union's obligation to act in the best interests of the

17 members of the bargaining unit at *all* times in representing them – not only during the collective

18 bargaining process.

19          Plaintiff's misguided arguments in opposition to dismissal depend on her narrow

20 formulation of the duty of fair representation.  Plaintiff's contentions unravel when examined in

21 light of the true scope of the duty of fair representation.  Plaintiff's complaint plainly focuses on the

22 manner in which the Union Defendants exercised care in safeguarding personal information of their

23 bargaining unit members.  *See, e.g.*, FAC ¶¶93, 97, 101, 110.  What Plaintiff fails to acknowledge is

24 that, *as stated in her own complaint*, the level of care owed to Plaintiff by SEIU is created through

25 the relationship between a union and the members of the bargaining unit, and this relationship is

26 defined by the duty of fair representation.  At the heart of Plaintiff's complaint are allegations

27 regarding the Union Defendants' conduct in obtaining and securing the bargaining unit members'

28

1    personal information from their employers.  Of course, the only reason Defendant SEIU United

2    Healthcare Workers-West ("UHW" or "the Local Union")[2] received and had access to Plaintiff's

3    personal information was because it was Plaintiff's bargaining representative and had obtained a

4    union security clause with dues check-off in the CBA, which is standard operating procedure in

5    almost all collective bargaining agreements.  In its representative role, Defendant UHW had an

6    obligation to collect its bargaining unit members' personal information under Article VI of the

7    collective bargaining agreement.  White Decl, Ex. A., art. VI, §2.  "While these actions do not

8    themselves involve direct representation of employees to the employer, they are essential to the

9    unions' fulfilling their representational role."  *Cahoon*, 175 F. Supp. 2d at 227.

10        Plaintiff cites *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) for

11   the proposition that her claims are not preempted because they are premised on the right to privacy

12   recognized by the California Constitution.  Opp. at 7.  *Cramer* is inapposite.  First, *Cramer* did not

13   involve a claim against a union; thus, it has nothing to say about the duty of fair representation.  The

14   sole issue in *Cramer* was whether a state claim brought only against an employer was preempted by

15   §301 of the Labor Management Relations Act.  255 F.3d at 688.  Second, the primary tort at issue in

16   *Cramer* was invasion of privacy.  *Id.*  In contrast, the common law torts asserted here against the

17   Union Defendants are fraud and negligence, which fall directly within the scope of the federal duty

18   of fair representation.

19        In Plaintiff's own words, the basis of the fraudulent concealment claim is that, as a

20   bargaining unit member represented by UHW, Plaintiff had a "fiduciary relationship" with

21   Defendants.  FAC ¶93.  Plaintiff further claims she "reasonably relied" on Defendants to keep her

22   personal information secure.  FAC ¶97.  The basis for this alleged "fiduciary relationship" is the

23   union-bargaining unit member relationship, which is of course governed by the duty of fair

24   representation.  FAC ¶93; *see Taylor v. Giant Food Inc.*, 438 F. Supp. 2d 576, 585-86 (D. Md.

25

26       [2]As explained in SEIU's Motion, UHW is the local affiliate of SEIU.  FAC ¶21.  UHW, *not

27   SEIU*, is party to the collective bargaining agreement ("CBA") with the Kaiser Defendants.  *See*
     Declaration of Emily White in Support of SEIU's Motion, Ex. A (Dkt. 13-2) ("White Decl.").

28

1   2006) (claim preempted where plaintiff alleged defendants breached their "fiduciary duties" and

2   plaintiff "point[ed] to no other source of duty than that which is . . . implied from Defendants' role

3   as Plaintiff's exclusive bargaining representative").

4          Plaintiff's negligence claim alleges Defendants "owed a duty to exercise ordinary reasonable

5   care to adequately protect" the personal information of bargaining unit members. FAC ¶101. The

6   claim for negligent hiring and supervision alleges that Defendants "owed . . . all union members, a

7   duty of care regarding the hiring, training, supervision, management and competence of their

8   employees and agents." FAC ¶110. Again, the"duty" that is owed to bargaining unit members by

9   the union is the duty of fair representation. *See Cahoon*, 175 F. Supp. 2d at 227-28 (holding "there

10  can be little doubt that the unions' alleged conduct underlying the negligence claims is

11  representational" where plaintiff alleged unions were negligent in hiring and supervising an

12  employee). As stated by the Supreme Court, "mere negligence . . . [will] not state a claim for breach

13  of the duty of fair representation." *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372-73

14  (1990). Plaintiff cannot avoid this substantive limitation on union liability by attempting to recast a

15  federal claim as a state law tort.

16         In the same way, Plaintiff's claim for violation of California Civil Code §§1798.80, *et seq.*,

17  is preempted because it is based on similar allegations regarding the manner in which Defendants

18  obtained and maintained Plaintiff's personal information. *See* FAC ¶¶88-89. As described above, a

19  union's duty to protect personal information of its bargaining unit members passed on from an

20  employer is part of a union's representational activity and governed by the duty of fair

21  representation.

22         Plaintiff attempts to salvage her claim under §1798.80 by arguing that this claim qualifies

23  for the local interest exception to preemption recognized in *Farmer v. United Brotherhood of*

24  *Carpenters and Joiners*, 430 U.S. 290 (1977). Opp. at 8. *Farmer* is inapplicable here. *Farmer*

25  carves out an exception to so-called "*Garmon* preemption." *See San Diego Bldg. Trades Council v.*

26  *Garmon*, 359 U.S. 236 (1959). *Garmon* established that jurisdiction is proper in the National Labor

27  Relations Board, to the exclusion of both state and federal courts, for claims based on activity that is

28

1  either arguably protected by §7 or prohibited by §8 of the NLRA. The Supreme Court has expressly

2  held that *Garmon* preemption does not apply to duty of fair representation claims, *Vaca*, 386 U.S. at

3  167-77. Thus, any exceptions to *Garmon* also do not apply.[3]

4      The Supreme Court has cautioned that "care must be taken to distinguish preemption based

5  on federal protection of the conduct in question from that based predominantly on the primary

6  jurisdiction of the [NLRB]," *Bhd. of R.R. Trainmen v. Jacksonville Terminal Co.*, 394 U.S. 369,

7  383 n.19 (1969) (citations omitted), such as *Garmon* preemption. *See Garmon*, 359 U.S. at 244-45.

8  In contrast, "[w]here, as here, the issue is one of asserted substantive conflict with a federal

9  enactment, then '[t]he relative importance to the State of its own law is not material . . . for the

10  Framers of Our Constitution provided that the federal law must prevail.'" *Brown v. Hotel and*

11  *Restaurant Employees and Bartenders Int'l Union*, 468 U.S. 491, 503 (1984) (quoting *Free v.*

12  *Bland*, 369 U.S. 663, 666 (1962)). Plaintiff's complaint merely reformulates claims that are covered

13  exclusively by the federal duty of fair representation. Accordingly, the *Farmer* exception does not

14  protect Plaintiff's claims from preemption.

15      Finally, Plaintiff's claim under California Business & Professions Code §17200 is also

16  preempted because it is a "bootstrap claim" that relies on the underlying claims that are all

17  preempted pursuant to the discussion above. In this claim, Plaintiff again asserts that she

18  "reasonably relied" on Defendant's "duty" to protect her personal information. FAC ¶124. Whether

19  the Union Defendants acted in a way that was "unfair, unlawful, and fraudulent" towards their

20  bargaining unit members in carrying out their representative duties is solely a question governed by

21  the federal duty of fair representation.

22  

23      [3]Plaintiff cites *Anspach v. Tomkins Indus., Inc.*, 817 F. Supp. 1499, 1513 (D. Kan. 1993) for
24  the proposition that the Court should apply the *Farmer* exception. This case is of little persuasive value. In discussing *Farmer*, the District of Kansas did not explain how or why the *Farmer*
25  exception could apply to a case that did not involve *Garmon* preemption. The case cited by the District of Kansas to support its discussion of *Farmer*, *Viestenz v. Fleming Companies, Inc.*, 681
26  F.2d 699 (10th Cir. 1982), was a *Garmon* preemption case solely against an employer that did not involve a duty of fair representation claim. Moreover, the District of Kansas ultimately concluded
27  that the *Farmer* exception did not apply and held that plaintiff's claim was preempted. *Anspach*, 817 F. Supp. at 1513.
28

1  **II.     Plaintiff Cannot State A Claim For Breach Of The Duty Of Fair Representation**

2        Once Plaintiff's state law claims are determined to be preempted by the duty of fair

3  representation, the next inquiry is whether the allegations of the complaint, properly construed, state

4  a claim for breach of the duty of fair representation. *Cahoon*, 175 F. Supp. 2d at 227-28; *Madison*,

5  132 F. Supp. 2d at 1259-60.  Here, they do not.  Any claim for a breach of the duty of fair

6  representation is time-barred.  Equally important, the SEIU cannot be held liable for breach of the

7  duty of fair representation because it is not Plaintiff's exclusive bargaining agent.

8        **A.     Any Duty Of Fair Representation Claim Is Time-Barred**

9        A six-month limitation period applies to fair representation claims. *DelCostello v. Int'l Bhd.*

10  *of Teamsters*, 462 U.S. 151, 170-71 (1983).  The six-month statute of limitation begins to run "when

11  the employee learns, or should have learned, that the union may have violated the duty of fair

12  representation." *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 669 (9th Cir. 1985) (internal

13  quotations and citation omitted).  The continuing violation doctrine does not apply to duty of fair

14  representation claims. *Id.*  Here, any claim for breach of the duty of fair representation is time-

15  barred because Plaintiff alleges that she learned of the security breach on or about February 6, 2009.

16  FAC ¶53.  Plaintiff did not file her initial complaint, however, until October 13, 2009 – nine months

17  later. *See* Notice of Removal, Ex. A (Dkt. 1).

18        Plaintiff's Opposition does not contest this characterization of the law or refute SEIU's

19  argument that her duty of fair representation claim is time-barred.  Opp. at 10.  Rather, Plaintiff

20  attempts to resurrect her §17200 claim by arguing that its four-year state statute of limitations would

21  somehow trump the federal six-month period governing all duty of fair representation claims. *Id.*

22  This argument makes no sense.  A claim that is preempted no longer exists.  Plaintiff offers no

23  authority for the absurd proposition that the statute of limitations on a preempted claim somehow

24  outlives its preemption.  The case cited by Plaintiff merely makes the point that when a §17200

25  claim relies on an underlying legal violation, the four-year statute of limitations of §17200 trumps

26  the shorter statute of limitations of the underlying legal violation. *See Cortez v. Purolator Air*

27  *Filtration Prods.*, 23 Cal. 4th 163, 178-79 (2000).  There, the §17200 claim had neither been

28

1    dismissed nor preempted.  Here, after recharacterizing Plaintiff's complaint, there is no §17200

2    claim, so there is no four-year statute of limitations.

3          **B.      SEIU Cannot Be Held Liable For A Breach Of The Duty Of Fair
               Representation**

4

5          SEIU is not Plaintiff's exclusive bargaining agent; it is Defendant UHW that represents

6    Plaintiff.  There can be no direct duty of fair representation claim against an international union that

7    is not the bargaining representative for a plaintiff.  *McCormick v. Aircraft Mechanics Fraternal*

8    *Ass'n*, 340 F.3d 642, 645 (8th Cir. 2003) ("[E]xclusive representation is a necessary prerequisite to a

9    statutory duty to represent fairly."); *Baker v. Newspaper & Graphic Commc'ns Union Local 6*, 628

10   F.2d 156, 165 (D.C. Cir. 1980); *Wells v. Order of Ry. Conductors & Brakemen*, 442 F.2d 1176,

11   1179 (7th Cir. 1971) ("the duty of fair representation flows from the majority union's status as a

12   statutorily recognized exclusive bargaining agent"); *Fox v. Mitchell Transport, Inc.*, 506 F. Supp.

13   1346, 1349 (D. Md. 1981) ("when the claim is for breach of the duty of fair representation under the

14   contract, only the employee's collective bargaining agent can be liable").  As pointed out in SEIU's

15   Motion, the International Union is not "per se responsible for the conduct of a local which is a

16   collective bargaining agent."  *Fabian v. Freight Drivers and Helpers Local No. 557*, 448 F. Supp.

17   835, 838 (D. Md. 1978).  Thus, SEIU, as the International Union, is not the proper defendant for a

18   duty of fair representation claim.  *See Tongay v. Kroger Co.*, 860 F.2d 298, 299 (8th Cir. 1988);

19   *Sine v. Local 992, Int'l Bhd. of Teamsters*, 730 F.2d 964, 966 (4th Cir. 1984) ("Where, as here, the

20   local is designated as the exclusive bargaining agent responsible for representing employees in the

21   prosecution of grievances, only the local can be held responsible."); *Baker*, 628 F.2d at 165 ("[T]he

22   International was neither the bargaining representative nor a party to the collective bargaining

23   agreement. Under these circumstances, there is no basis for impaling the International on the horns

24   of the dilemma faced by the Local.").

25         Again, Plaintiff completely fails to respond to SEIU's arguments on this point.  Rather,

26   Plaintiff relies on the conclusory allegation that Defendant UHW is the "agent" of SEIU.  Opp. at

27   10-11; FAC ¶24.  As set forth in the Motion, the Supreme Court has held that a principal-agent

28

DEFENDANT SEIU'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS, CASE NO. 09-5562 PJH

1  relationship *may not be presumed solely from the affiliation between an international union and a*
2  *local union. Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 217 (1979); *Coronado*
3  *Coal Co. v. United Mine Workers*, 268 U.S. 295, 304-05 (1925). A conclusory allegation of agency
4  is simply not enough to hold the International Union vicariously liable for the conduct of the Local
5  Union; there is "no agency relationship as a matter of law" unless Plaintiff can show that the
6  International Union "instigated, supported, ratified or encouraged the Local's activities or that the
7  Local acted pursuant to its agreement with the International." *Moore v. Local Union 569 of the Int'l*
8  *Bhd. of Elec. Workers*, 989 F.2d 1534, 1543 (9th Cir. 1993). SEIU could only be held liable if "the
9  local engages in illegal conduct in furtherance of its role as an agent of the international." *Laughon*
10 *v. Int'l Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists & Allied Crafts*
11 *of the United States and Canada*, 248 F.3d 931, 935 (9th Cir. 2001). Plaintiff has made no
12 allegation whatsoever that would satisfy this standard. The complaint is silent as to any specific
13 conduct taken by the International Union in relation to Plaintiff's claims. Plaintiff cannot rewrite
14 the standards of union liability with a single boilerplate "agency" allegation. All claims against
15 SEIU must be dismissed.

16 **III.    Dismissal Should Be With Prejudice**

17         Dismissal with prejudice is proper if the defects of the complaint cannot be cured by
18 amendment. *See Dumas v. Kipp*, 90 F.3d 386, 389 (9th Cir. 1996). Plaintiff should not be given
19 leave to amend because any attempt to remedy the defects in her complaint would be futile. The
20 conduct at the heart of Plaintiff's complaint is the Union Defendants' representational activity, thus
21 any claim based on this activity is preempted by the duty of fair representation. On Plaintiff's own
22 admission, a duty of fair representation claim would be time-barred because she had reason to know
23 of the breach more than six months before bringing suit. No amount of creative pleading could cure
24 this fatal defect to Plaintiff's case. The Court should dismiss all claims against SEIU with
25 prejudice. *See, e.g., Adkins*, 526 F.3d 531 (affirming dismissal with prejudice of preempted claims);
26 *Cahoon*, 175 F. Supp. 2d at 230 (dismissing with prejudice preempted claims).
27 ///
28

9

1

**CONCLUSION**

2          Based on the foregoing, and for the reasons stated in SEIU's related pleadings, SEIU's

3   Motion for Judgment on the Pleadings should be granted.

4

5   Dated: January 13, 2010                    Respectfully submitted,

6

7                                              STEPHEN P. BERZON
                                               EMILY WHITE
8                                              Altshuler Berzon LLP

9

10

11                                             By: _____/s/_____
                                                        Emily White

12                                             Attorneys for SERVICE EMPLOYEES
                                               INTERNATIONAL UNION
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28